# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **WILLIE BURGESS, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 5:24-cv-1751-LCB |
| ) | |
| **TERRY RAYBON, Warden of** ) | |
| **William C. Holman Correctional** ) | |
| **Facility,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER

Willie Burgess, Jr. challenges the constitutionality of his capital murder conviction and death sentence in the Circuit Court of Morgan County, Alabama under 28 U.S.C. § 2254. (Doc. 1 at 10). The purpose of this order is to address two motions which Mr. Burgess filed shortly after his petition. (Docs. 3, 4). The Court addresses each in turn.

Mr. Burgess moves for leave to proceed *in forma pauperis*—without prepayment of costs. (Doc. 3 at 1). The fee for filing a federal habeas petition is $5. *See* 28 U.S.C. § 1914(a). Mr. Burgess's attached prisoner account statement reflects that during the twelve months before he petitioned this Court for relief, he had an average monthly balance of $47.96 and gross deposits totaling $2,730. (Doc. 3 at 10). Based on this financial information, the Court finds Mr. Burgess can afford to pay the $5 filing fee and **DENIES** his motion for leave to proceed *in forma pauperis*.

To continue this action, Mr. Burgess must forward to the Clerk of Court a check or money order in the amount of $5 made payable to the "Clerk, United States District Court" within 30 days. The check or money order must include Mr. Burgess's case number: "5:24-cv-1751-LCB."

Attorney Ty Alper, who filed Mr. Burgess's petition, moves for appointed status as qualified counsel under 18 U.S.C. § 3599. (Doc. 1 at 359; Doc. 4 at 1). Section 3599 applies in federal death penalty proceedings and provides indigent habeas petitioners "with a mandatory right to qualified legal counsel." *McFarland v. Scott*, 512 U.S. 849, 859 (1994); *see also* 28 U.S.C. § 2254(h) (permitting the appointment of habeas counsel when a petitioner demonstrates an inability to afford representation).

Although Mr. Burgess has sufficient funds to pay the habeas filing fee, he is indigent for the purpose of affording legal representation and qualifies financially for appointed counsel under § 3599. (Doc. 3 at 6–8, 10). Suitable post-judgment representation for Mr. Burgess under § 3599 includes "one attorney" who has at least five years' admission to practice and three years' experience with felony cases in the United States Eleventh Circuit Court of Appeals. 18 U.S.C. § 3599(c). But if an attorney cannot satisfy (c)'s standards, the statute offers an alternative way to qualify for appointment—under § 3599(d).

Specifically, subsection (d) allows a court to appoint "another attorney" "[w]ith respect to subsection[] . . . (c)" for "good cause" shown. 18 U.S.C. § 3599(d). Relevant to that good cause determination is whether the attorney's "background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d); *cf. In re Lindsey*, 875 F.2d 1502, 1507 n.3 (11th Cir. 1989) (noting under prior, but similarly-structured appointment framework that "[t]he use of the words 'another attorney' suggests that the court may appoint an attorney *in lieu of* one meeting the statutory requirements, rather than an attorney in addition to the one meeting the standards"). With these statutory standards in mind, the Court considers whether Mr. Alper is suitable counsel to appoint for Mr. Burgess.

Mr. Alper does not clarify whether he seeks an appointment under § 3599(c) or (d). (Doc. 4). Mr. Alper is a Clinical Law Professor, Co-Director of the Death Penalty Clinic, and Co-Director of the Clinical Program at the University of California, Berkeley School of Law. (Doc. 4 at 2). Mr. Alper is licensed to practice, with good standing, in several jurisdictions, including Alabama. (Doc. 4 at 2); *see also* https://members.alabar.org/member_portal/member-search (last visited Jan. 10, 2025). The federal courts which have admitted Mr. Alper to appear include this Court, the Eleventh Circuit, and the United States Supreme Court. (Doc. 4 at 2). Mr.

Alper describes his multi-jurisdictional practice as one exclusively involving indigent clients who are facing capital punishment. (Doc. 4 at 2). For over twenty years, Mr. Alper has represented Alabama death row inmates in state and federal proceedings. (Doc. 4 at 2).

Mr. Alper does not quantify his length of admission before, or years of experience handling felony cases in the Eleventh Circuit—unambiguous requirements of § 3599(c). (Doc. 4). But regardless of Mr. Alper's ability to satisfy (c)'s criteria, the Court finds that good cause supports appointing him under § 3599(d). As (d) permits, optionally to (c), Mr. Alper's subject matter expertise, extensive record of capital experience in Alabama, and his ongoing attorney-client relationship with Mr. Burgess, (Doc. 4 at 2), establish that he is "another attorney," capable of providing "proper[] represent[ation]" under the demands of a habeas death penalty case, 18 U.S.C. § 3599(d). This consideration of Mr. Alper's appointment request aligns with the Guide to Judiciary Policy's discussion of § 3599(d).

Specifically, the Guide refers to § 3599(d) as an "Attorney Qualification Waiver."  *See*  https://www.uscourts.gov/administration-policies/judiciary-policies/guidelines-administering-cja-and-related-statutes-18#a620_60, § 620.60.30 (emphasis omitted) (last visited Jan. 9, 2025). The Guide elaborates that this waiver provision permits the appointment of an otherwise sufficiently-experienced attorney

4

when that lawyer's background may not meet § 3599(c)'s requirements. *See id.* (discussing good cause framework for a § 3599(d) appointment) (last visited Jan. 9, 2025). Mr. Alper's capital litigation credentials and relationship with Mr. Burgess establish that he is otherwise qualified for his requested appointment under (d)'s alternative approach.

Thus, the Court **APPOINTS** Mr. Alper to represent Mr. Burgess under § 3599(d) and **GRANTS** that portion of the appointment motion. (Doc. 4).

Additionally, Mr. Alper mentions at the end of the motion that, if the Court grants Attorney Elisabeth Semel pro hac vice status, he "will request" her appointment as § 3599 co-counsel. (Doc. 4 at 3). The Court has admitted Ms. Semel pro hac vice, (Doc. 8), but unlike the discussion of Mr. Alper's background, Ms. Semel's credentials to qualify as § 3599 counsel—consistent with (c) or (d)—are underdeveloped, (Docs. 4, 7). Thus, the Court **DENIES WITHOUT PREJUDICE** any effort to appoint Ms. Semel, based on the current record, but will reexamine that issue in a new motion developed under § 3599's framework.

**DONE** and **ORDERED** January 17, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE