FILED
2025 Jan-27 PM 05:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| WILLIE BURGESS, JR., | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | Case No.: 5:24-cv-01751-LCB |
| v. | ) | |
| | ) | |
| TERRY RAYBON, | ) | CAPITAL CASE |
| Warden of William C. Holman Correctional Facility, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MOTION FOR APPOINTMENT OF COUNSEL**

Pursuant to 28 U.S.C. Section 2254(h) and 18 U.S.C. Section 3599(2)(d), Elisabeth Semel respectfully moves this Court to appoint her as co-counsel for Petitioner Willie Burgess, Jr., in this habeas corpus proceeding.

1. This action involves a petition for writ of habeas corpus under 28 U.S.C. Section 2254 in which Mr. Burgess challenges his capital murder conviction and death sentence. Mr. Burgess is currently incarcerated at Holman Correctional Facility in Atmore, Alabama. The Court has deemed him indigent for the purpose of affording him legal representation. (Doc. 10, at 2.)

2. 28 U.S.C. Section 2254(h) requires this Court to appoint counsel, when necessary, to an indigent person under sentence of death seeking habeas

corpus relief under 28 U.S.C. Section 2254.  *See also* 18 U.S.C. § 3599(a)(2) ("In any post-conviction proceeding under Section 2254 or 2255 of title 28, United States Code, . . . any defendant who is or becomes financially unable to obtain adequate representation . . . shall be entitled to the appointment of one or more attorneys. . . .").

3. On December 18, 2024, counsel of record Ty Alper moved for appointment in this matter, explaining that, along with me, he presently represented Mr. Burgess without compensation. (Doc. 4, at 2-3.) Mr. Alper informed the Court that I was filing a motion for admission *pro hac vice* and that, should my request be granted, I would request appointment as co-counsel. *Id*. at 3.

4. On January 8, 2025, this Court granted my leave to appear *pro hac vice*. (Doc. 8.)

5. On January 9, 2025, I filed a notice of appearance as counsel of record in the instant matter. (Doc. 9.)

6. On January 17, 2025, this Court appointed Mr. Alper to represent Mr. Burgess as Section 3599(d) counsel. The Court acknowledged that it had admitted me *pro hac vice* but stated that "Ms. Semel's credentials to qualify as § 3599 counsel—consistent with (c) or (d)—are underdeveloped," and that the Court would "reexamine that issue in a new motion developed under § 3599's framework." (Doc. 10, at 5.)

7. I therefore file this motion to demonstrate that my "background, knowledge, or experience would otherwise enable . . . [me] to properly represent the [petitioner], with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d).

8. With respect to the seriousness of the possible penalty in this matter, Mr. Burgess faces execution, the ultimate penalty. Moreover, the litigation in this case has spanned many years and involves a voluminous, complicated record in a highly complex area of law.

9. I was admitted to practice in California in 1975. I was subsequently admitted to practice before the United States Supreme Court, the United States Court of Appeals for the Fifth (currently inactive) and Ninth Circuits, and the United States District Court for the Central, Southern, and Eastern Districts of California. I have also been admitted *pro hac vice* in the Morgan County, Alabama Circuit Court, the Alabama Court of Criminal Appeals, the Alabama Supreme Court, and, most recently, in this Court.

10. My career has been devoted to the representation of individuals accused and convicted of crimes in state and federal courts, the majority of whom were indigent. Since 1997, my practice has been limited to capital defense.

a. Between 1975 and 1978, I was an attorney in the Solano County, California Public Defender's Office, where I represented individuals accused of misdemeanor and felony offenses in state court.

b. Between 1979 and 1980, I was an attorney at Defenders, Inc., a non-profit criminal defense organization in San Diego County, California, where I represented individuals accused of felonies, including homicides, in state court.

c. From 1980 to 1997, I was in private practice in San Diego, California—primarily as a partner in the firm of Semel and Feldman—where I represented individuals accused and convicted of crimes, including capital offenses, in state and federal courts at the state trial and post-conviction stages and in federal habeas corpus proceedings.

d. From 1997 to 2001, I was the Director of the American Bar Association's Death Penalty Representation Project in Washington, D.C. My responsibilities included training and consulting with pro bono counsel who were representing petitioners in capital post-conviction proceedings in state and federal courts. The overwhelming majority of those cases were originally filed in southern states such as Alabama, Georgia, and Texas. I also filed amicus curiae briefs on

behalf of the American Bar Association in death penalty cases that were before the United States Supreme Court.

e. Between 1999 and 2001, I taught the Capital Punishment Seminar at Georgetown University Law Center, where my students worked under my supervision on death penalty cases, most of which were pending state post-conviction or federal habeas review.

f. In 2001, I joined the faculty of the University of California, Berkeley School of Law as the founding Director of the law school's Death Penalty Clinic, which I now co-direct with Mr. Alper. In that capacity, I have been representing death row prisoners in Alabama since 2001, when I became pro bono counsel for Mr. Burgess. I have been engaged in every aspect of the investigation and litigation in Mr. Burgess's case since then.

g. Over the past two-plus decades, I have represented individuals facing capital punishment at the trial, appellate, and post-conviction stages. In that capacity, I have engaged in the investigation of the capital crimes, aggravating evidence, and the case in mitigation. I have filed and litigated pre-trial motions, direct appeals, habeas corpus petitions, and filed amicus curiae briefs in state and federal courts, including in the United States Supreme Court.

h. If appointed as co-counsel, I will zealously represent Mr. Burgess in these proceedings.

For these reasons, I respectfully request that this Court appoint me to represent Mr. Burgess in this matter along with co-counsel Ty Alper.

    Respectfully submitted,

s/ *Elisabeth Semel*
Elisabeth Semel, admitted *pro hac vice*
U.C. Berkeley School of Law
491 Simon Hall
Berkeley, CA 94720-7200
Tel: (510) 642-0458
esemel@law.berkeley.edu

*Counsel for Petitioner Willie Burgess, Jr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

<u>*s/ Elisabeth Semel*</u><br>Elisabeth Semel