IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WILLIE BURGESS, JR., ) <br> ) <br> *Petitioner*, ) <br> ) <br> v. ) <br> ) <br> TERRY RAYBON, ) <br> Warden of William C. Holman ) <br> Correctional Facility, ) <br> ) <br> *Respondent*. ) <br> _____) | Case No.: 5:24-cv-01751-LCB <br><br> CAPITAL CASE |

**COUNSEL'S CERTIFICATION PURSUANT TO COURT'S
APRIL 17, 2025 ORDER**

In accordance with the Court's Order of April 17, 2025 ("Order") (Doc. 13), I certify the following:

I have met in person with petitioner Willie Burgess, Jr. on May 1, 2025 at Holman Prison to discuss the Order with him. Co-counsel Elisabeth Semel and I spoke on the phone with him about it after that date. We have attempted to explain to him each of the legal concepts detailed in Section A of the Order, including (1) *Martinez v. Ryan*, 566 U.S. 1 (2012); (2) *Maples v. Thomas*, 565 U.S. 266 (2012); and (3) the possibility of this Court finding that undersigned counsel has a conflict of interest regarding the pursuit of any procedurally defaulted claims covered by *Martinez* or *Maples*, which could prompt the Court to appoint

supplemental counsel to litigate those claims.  Counsel has also explained to Mr. Burgess that he has a right to obtain advice from independent counsel regarding the decision of whether to seek the appointment of supplemental counsel to pursue *Martinez/Maples* claims.

Ms. Semel and I represented Mr. Burgess in state post-conviction proceedings in Alabama state court.  We do not believe it is necessary for the court to appoint supplemental habeas counsel based on our analysis of the claims in this case and in light of Mr. Burgess's satisfaction with our representation in state post-conviction proceedings.

Following our conversations with Mr. Burgess, we attempted to obtain his signature on a certification of the above as the Court ordered in Paragraph B of its Order.  Because of the difficulty scheduling legal visits at Holman Prison, we sent the certification to Mr. Burgess via legal prison mail almost a full month before the deadline to submit it to the Court.  He signed it and attempted to return it to counsel via the mail in a pre-addressed, stamped envelope we provided.  However, for unknown reasons, the signed certification was not delivered.  Mr. Burgess received the envelope, which had been opened and contained a photocopy of the certificate, from the prison mailroom on June 13, 2025.  We will submit the certification as soon as we obtain it, and we are simultaneously filing today a motion for extension of time within which to do so.

Dated: June 16, 2025                    Respectfully submitted,

s/ *Ty Alper*
Ty Alper, #ASB-3045-T68A
Elisabeth Semel (admitted *pro hac vice*)
U.C. Berkeley School of Law
346 North Addition
Berkeley, CA 94720-7200
Tel: (510) 643-7849
talper@law.berkeley.edu
esemel@law.berkeley.edu

*Counsel for Petitioner Willie Burgess, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

*s/ Ty Alper*
Ty Alper
