FILED
2025 Sep-15 PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

WILLIE BURGESS, JR.              )
                                 )
        Petitioner,              )
                                 )
v.                               )        No.  5:24-cv-01751-LCB
                                 )
TERRY RAYBON, Warden,            )
Holman Correctional Facility,    )
                                 )
        Respondent.              )

## RESPONDENT'S BRIEF ON THE MERITS

Steve Marshall
*Attorney General*

Beth Jackson Hughes
*Assistant Attorney General*

Counsel for Respondent

Address of Counsel

Office of the Attorney General
Capital Litigation Division
501 Washington Avenue
Montgomery, Alabama 36130
(334) 242-7392

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................ ii

STANDARDS OF REVIEW ..................................................................... 1

    A.  General provisions of 28 U.S.C. § 2254 ...................................... 1

    B.  The legal standard governing procedural default ...................... 4

    C.  Sufficiency of pleading ................................................................ 7

PROCEDURALLY DEFAULTED CLAIMS ............................................ 8

CLAIMS THAT ARE INSUFFICIENTLY PLEADED ........................ 13

ARGUMENT ........................................................................................... 15

  I.     Burgess is not entitled to relief on his *J.E.B.* claim. ............. 15

  II.    Burgess is not entitled to relief on his ineffective assistance
        of counsel claims. .................................................................... 17

    A.  Burgess is not entitled to relief on his claim that he was
        prejudiced by counsel's deficient investigation of the crime. .............. 21

    B.  The claim that counsel's deficient mitigation investigation
        prejudiced Burgess during the penalty phase of his trial..................... 23

        1. The claim that counsel failed to conduct a reasonable
           mitigation investigation. ................................................. 23

        2. The claim that counsel failed to retain and present any
           expert witnesses to support the case in mitigation.......................... 27

    C.  The claim that counsel were ineffective in their pretrial
        preparation and litigation.................................................................... 29

1. The claim that counsel failed to withdraw the plea of not guilty by reason of mental disease or defect prior to jury selection.............................................................. 29

2. The claim that counsel failed to investigate, prepare, and litigate his motion for change of venue. ......................................... 31

    a. The claim that counsel failed to present evidence that Burgess could not receive a fair trial in Morgan County. ......................................................... 31

    b. The claim that counsel failed to retain and consult with a social science expert. ................................................ 32

    c. The claim that counsel failed to conduct a public opinion poll or survey. ................................................ 33

    d. The claim that counsel failed to participate in a sample jury proceeding and show that the outcome supported a change of venue........................................................ 34

    e. The claim that counsel failed to raise actual prejudice................ 36

    f. The claim that counsel failed to conduct adequate voir dire.................................................................... 37

3. The claim that counsel's performance during jury selection was ineffective. ................................................ 38

    a. The claim that counsel failed to object to the prosecution's discriminatory practices against women. .............. 39

    b. The claim that counsel failed to challenge prosecution's discriminatory practices against African Americans................................................................. 40

    c. The claim that counsel failed to challenge jurors P and Ch for cause.................................................... 41

d.  The claim that counsel failed to move to quash the indictment based on discrimination in the selection of grand jury forepersons.................................................... 42

e.  The claim that counsel failed to investigate and litigate the motion to suppress Burgess's statements............................... 43

f.  The claim that counsel failed to challenge Burgess's indictment because it did not allege all the elements of the offense and failed to provide notice of the charge against him. .................................................................. 44

g.  Counsel failed to challenge unconstitutional and improper race-based practices....................................................... 45

D.  The claim that counsel were ineffective during the guilt phase of Burgess's trial.......................................................... 46

1.  The claim that counsel failed to move to exclude State's Exhibit 101 in its entirety, to make an adequate record, and to move for a mistrial. ............................................... 46

2.  The claim that counsel failed to object to prosecutorial misconduct in the guilt phase argument. ......................... 48

3.  The claim that counsel failed to challenge victim impact evidence............................................................................. 49

4.  The claim that counsel failed to submit guilt phase instructions. ...................................................................... 49

E.  The claim that counsel were ineffective during the penalty phase of the trial.................................................................. 50

1.  The claim that counsel failed to object to prosecutorial misconduct during the penalty phase................................. 51

2.  The claim that counsel failed to challenge impermissible victim impact argument during the penalty phase. ......................... 52

3.  The claim that counsel failed to object to the trial court's erroneous and unconstitutional penalty phase jury instructions. ...................................................................... 54

F.  The claim that counsel were ineffective during the sentencing hearing. ............................................................... 56

1.  The claim that counsel failed to investigate and present evidence in mitigation at the sentencing hearing. ........................... 56

2.  The claim that counsel failed to object to court's consideration of Dr. Maier's forensic mental health evaluation. ...................................................................... 59

3.  The claim that counsel failed to investigate the accuracy of the pre-sentence report and failed to object to the trial court's consideration of the report. ................................................. 60

4.  The claim that counsel failed to present evidence of Burgess's remorse. ........................................................ 61

III. Burgess is not entitled to relief on his claim that trial counsel Biggs had an actual conflict of interest that violated his right to counsel and to a fair trial. ................................................. 62

IV.  The claim that jurors were exposed to, and considered, extrinsic evidence in violation of their duty to reach guilty and penalty phase verdicts based solely on the evidence presented at trial. .......................................................................... 66

V.   The claim that appellate counsel were ineffective. ............................... 72

A.  The claim that appellate counsel failed to obtain and review State's Exhibits 100 and 101 and failed to raise meritorious issues on appeal. .................................................................. 72

B.   The claim that appellate counsel were ineffective in the circuit court and on direct appeal............................................................. 73

C.   The claim that appellate counsel failed to present all available evidence in support of Burgess's *J.E.B.* claim...................... 74

D.   Appellate counsel failed to argue in the application for rehearing that the ACCA erred in affirming the denial of a change of venue. ..................................................................... 75

VI.   The claim that the trial court's failure to change venue denied Burgess a fair trial and an impartial jury................................................. 75

VII.   The claim that the trial court's refusal to excuse jurors who were unfit to serve denied Burgess a fair trial........................................ 80

VIII.  The claim that the State withheld and belatedly disclosed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). ....................................................................... 82

IX.   The claim that the State presented false and misleading testimony. ............................................................................... 86

X.    The claim that the trial court's failure to permit individualized voir dire denied Burgess a fair trial and individualized sentencing. ............................................................................... 86

XI.   Trial court's failure to quash the venire after prospective juror O informed members of the venire that Burgess was guilty.................. 86

XII.  The claim that imposition of a death sentence on Burgess who was eighteen years old at the time of his crime, violated the Eighth and Fourteenth Amendments....................................... 90

XIII. The claim that Alabama's death penalty statute and the procedures resulting in Burgess's sentence of death violate the Fifth, Sixth, Eighth, and Fourteenth Amendments.......................... 91

XIV.  The claim that the cumulative effect of the errors denied
       Burgess a fundamentally fair trial and rights guaranteed by
       the United States and Alabama Constitutions. ........................................ 93

CONCLUSION ...................................................................................... 95

CERTIFICATE OF SERVICE .............................................................. 96

## STANDARDS OF REVIEW

### A.    General provisions of 28 U.S.C. § 2254

Petitions for a writ of habeas corpus on behalf of persons in custody pursuant to the judgment of a state court are governed by the provisions of § 2254, as amended by AEDPA. *See Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). Under AEDPA, federal habeas review of a state court's decision is "greatly circumscribed" and "highly deferential." *Bates v. Sec'y, Fla. Dep't of Corr.*, 768 F.3d 1278, 1287 (11th Cir. 2014). AEDPA prohibits federal habeas relief unless the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." §§ 2254(d)(1-2).

Clearly established federal law "is the governing legal principle or principles set forth by the Supreme Court *at the time* the state court renders its decision." *Kilgore v. Sec'y, Fla. Dep't of Corr.*, 805 F.3d 1301, 1310 (11th Cir. 2015). "A state court decision involves an 'unreasonable application' of clearly established federal law if the state court correctly identifies the governing legal principle from the relevant Supreme Court decisions but unreasonably applies it to the facts of the particular case." *Lee v. Comm'r, Ala. Dep't of Corr.*, 726 F.3d 1172, 1192 (11th Cir. 2013) (cleaned up). "A state court decision is 'contrary to' clearly established federal law if it applies a rule that contradicts the governing law set forth by the United

1

States Supreme Court, or arrives at a result that differs from Supreme Court precedent when faced with materially indistinguishable facts." *Ferguson v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 1315, 1331 (11th Cir. 2013).

To satisfy the unreasonable-application standard, a federal habeas petitioner "must show far more than that the state court's decision was 'merely wrong' or 'even clear error.'" *Shinn v. Kayer*, 592 U.S. 111, 118 (2020). Instead, the petitioner must demonstrate that "the state court's decision is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "A state court's application of federal law is unreasonable only if no fairminded jurist could agree with the state court's determination or conclusion." *Raulerson v. Warden*, 928 F.3d 987, 995 (11th Cir. 2019) (cleaned up).

"[W]hen a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting § 2254(d)(2)). A state court's "determination of the facts is unreasonable only if no fairminded jurist could agree with the state court's determination or conclusion." *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012).

If a state inmate's claim was adjudicated on the merits in state court, then federal habeas review is limited to the state-court record. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). "AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007); *see also Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007) ("AEDPA codifies a presumption that the factual findings of state courts are correct, which may be rebutted only by clear and convincing evidence."). "This presumption applies to fact findings made by both state trial courts and state appellate courts." *Hannon v. Sec'y, Dep't of Corr.*, 562 F.3d 1146, 1150 (11th Cir. 2009); *see also Loggins v. Thomas*, 654 F.3d 1204, 1217 (11th Cir. 2011) ("[Federal habeas courts] accord AEDPA deference not only to the adjudications of state appellate courts but also to those of state trial courts that have not been overturned on appeal.").

On federal habeas review, courts "assess the reasonableness of the last state-court adjudication on the merits of the petitioner's claim." *Brown v. Davenport*, 596 U.S. 118, 141 (2022) (cleaned up). But federal habeas courts "are not required, in assessing the reasonableness of a state court's reasons for its decision, to strictly limit [their] review to the particular *justifications* that the state court provided." *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1036 (11th Cir. 2022) (en banc). Rather, if "a state court rejects a petitioner's claim in a written opinion accompanied

3

by an explanation, the federal habeas court reviews only the state court's 'decision' and is not limited to the particular justifications that the state court supplied." *Id.* at 1037-38; *see also King v. Warden, Ga. Diagnostic Prison*, 69 F.4th 856, 867 (11th Cir. 2023) ("We evaluate the reasons offered by the [state] court, but if we can justify those reasons on a basis the state court did not explicate, the state-court decision must still stand.").

"AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (cleaned up). At a minimum, the petitioner must establish "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

## B.    The legal standard governing procedural default

Habeas relief cannot be granted on a claim unless that claim was exhausted in state court. § 2254(b)(1); *Medellin v. Dretke*, 544 U.S. 660, 666 (2005). "Exhaustion requires a state petitioner to 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 956 (11th Cir. 2016) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). To exhaust

4

a claim, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In Alabama, this includes filing a petition for discretionary review in the Alabama Supreme Court. *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003).

"A claim is procedurally defaulted for purposes of federal habeas review 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present [the claim] in order to meet the exhaustion requirement would now find the claim procedurally barred.'" *Raleigh*, 827 F.3d at 957 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

A state court's denial of a constitutional claim on independent and adequate procedural grounds generally precludes habeas review of the claim. *Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1335 (11th Cir. 2012). The Eleventh Circuit has established a three-prong test for determining whether a state court's procedural ruling was based on an independent and adequate state rule of decision:

> First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim. Second, the state court decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state procedural rule must be adequate; i.e., it may not be applied in an arbitrary or unprecedented fashion.

*Id.* at 1335-36 (citing *Card v. Dugger*, 911 F.2d 1494, 1516 (11th Cir. 1990)). A state procedural rule will bar federal habeas review of a petitioner's claim if that rule is firmly established and regularly followed. *Id.* at 1336.

If a state court expressly holds that a petitioner's claim is procedurally barred under an independent and adequate state ground, federal courts may not review the claim even if the state court resolved it on the merits in an alternative ruling. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."); *see also Marek v. Singletary*, 62 F.3d 1295, 1301-02 (11th Cir. 1995).

There are two exceptions to the procedural default rule. *Ledford v. Warden, Ga. Diagnostic Prison*, 975 F.3d 1145, 1160-61 (11th Cir. 2020). First, a habeas petitioner may obtain review of a procedurally defaulted claim by showing "both cause excusing the default and actual prejudice resulting from the bar." *Hill v. Jones*, 81 F.3d 1015, 1022-23 (11th Cir. 1996). "Cause and prejudice is a conjunctive standard, both prongs of which must be satisfied in order for the procedural default to be excused and to allow a federal court to review the merits of a claim for habeas relief." *Antone v. Strickland*, 706 F.2d 1534, 1541 (11th Cir. 1983). Second, a federal

habeas court may review the merits of a defaulted claim without a showing of cause and prejudice to correct a "fundamental miscarriage of justice." *Hill*, 81 F.3d at 1023.

## C.    Sufficiency of pleading

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). Rule 2(c) of the Rules Governing Section 2254 Cases "requires petitioners to 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" *Hittson v. GDCP Warden*, 759 F.3d 1210, 1265 (11th Cir. 2014). The habeas petition itself "must specify all the grounds for relief available to the petitioner and state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (cleaned up).

"The mere assertion of a ground for relief, without sufficient factual detail, does not satisfy either the petitioner's burden of proof under § 2254(e)(1), or the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases." *Marshall v. Dunn*, 497 F. Supp. 3d 1124, 1149 (N.D. Ala. 2020). Moreover,

> It is not the duty of federal courts to try to second guess the meaning of statements and intentions of petitioners. Rather the duty is upon the individual who asserts a denial of his constitutional rights to come forward with a statement of sufficient clarity and sufficient supporting facts to enable a court to understand his argument and to render a decision on the matter.

*Id.* at 1149-50 (quoting *Nail v. Slayton*, 353 F. Supp. 1013, 1019 (W.D. Va. 1972)); *see McWhorter v. Dunn*, No. 4:13-cv-02150, 2019 WL 277385, at *17 (N.D. Ala.

7

Jan. 22, 2019) (same). "A habeas petitioner must include in his statement of each claim sufficient supporting facts to justify a decision for the petitioner if the alleged facts are proven true." *Reynolds v. Dunn*, No. 4:18-cv-00236, 2022 WL 895947, at *29 (N.D. Ala. Mar. 25, 2022).

## PROCEDURALLY DEFAULTED CLAIMS

Respondent asserts that the claims set forth below are procedurally defaulted from this Court's review. Burgess has not shown that cause and prejudice, or a fundamental miscarriage of justice exists to overcome the procedural defaults of these claims. This Court should, therefore, find that the claims are not before it for review.

The following claims are procedurally defaulted because the claims were not raised in the petition for writ of certiorari in the Alabama Supreme Court on direct appeal and from the denial of the amended post-conviction petition:

Claim II-D-1    -    allegations 1, 2 (except the allegation that Burgess referred to himself as a n*****), 4 and 5 of the claim that counsel failed to exclude State's Exhibit 101 in its entirety; and

Claim X    -    the claim that the trial court's failure to permit individual voir dire denied Burgess a fair trial and individualized sentencing.

These claims are not fully exhausted and are therefore procedurally defaulted because they were not raised in Burgess's petition for writ of certiorari in the Alabama Supreme Court on direct appeal or on collateral appeal. A petitioner must

8

afford the state courts a full and fair opportunity to decide any federal constitutional claims presented in the federal habeas petition which includes giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate process." *O'Sullivan*, 526 U.S. at 842-45. Burgess did not raise these claims in his certiorari petition to the Alabama Supreme Court on direct appeal or on collateral appeal, therefore, the claims are unexhausted. Burgess would be barred from attempting to raise the claims now in state court under Rule 32.2(c), Ala. R. Crim. P. (statute of limitations bar) and under Rule 32.2(b), Ala. R. Crim. P. (successive petition bar). Thus, because there is no available state remedy with respect to the claims, the claims are procedurally defaulted from this Court's review. *See, Collier v. Jones*, 910 F.2d 770, 772 (11th Cir. 1990) ("[W]hen a petitioner has failed to present a claim to the state courts and under state procedural rules the claim has become procedurally defaulted, the claim will be considered procedurally defaulted in federal court.").

Claim IX is procedurally defaulted because it was not raised at trial or on direct appeal. Burgess attempted to raise this claim for the first time in the Rule 32 proceedings. The circuit court found that the claim was barred from review because it was not raised at trial or on direct appeal. Burgess's failure to raise this claim at trial or on direct appeal was a procedural default under state law which bars its consideration on federal habeas review. *Edwards v. Carpenter*, 529 U.S. 446, 451

(2000). Alabama law precludes collateral review of claims that could have been but were not raised at trial or on direct appeal. Rule 32.2(a)(3) and (5), Ala. R. Crim. P. *Baldwin v. Johnson*, 152 F.3d 1304, 1310 (11th Cir. 1998); *Wright v. Hopper*, 169 F.3d 695, 710 (11th Cir. 1999).

Claim F-1 is procedurally defaulted because Burgess did not present the claim as a federal constitutional claim to the state courts on post-conviction appeal. He did not cite any Supreme Court cases, nor did he so much as allege a violation of his rights under the United States Constitution. He instead relied entirely on state law. "In order to be exhausted, a federal claim must be fairly presented to the state courts." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005); *see Duncan*, 513 U.S. at 365-66. "It is not sufficient that the federal habeas petitioner has been through the state courts, nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004). "Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." *McNair*, 416 F.3d at 1302 (cleaned up).

Burgess's failure to present this claim as a federal constitutional claim to the state courts on post-conviction appeal was a procedural default, which bars its

consideration on federal habeas review. *McNair*, 416 F.3d at 1304; *Brown v. Dixon*, 591 F. Supp. 3d 1251, 1267-68 (S.D. Fla 2022). Dismissal of his petition to allow him to raise this claim in state court now would be futile because it would be procedurally barred on multiple grounds. His claim would be barred because he could have, but did not, raise it on direct appeal. Ala. R. Crim. P. 32.2(a)(5). His claim would also be barred by Rules 32.2(b) and 32.2(c) Ala R. Crim. P. Because any state remedy is precluded by those state procedural rules, his claim is procedurally defaulted from habeas review. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998). Burgess has not alleged and cannot show that cause and prejudice or a fundamental miscarriage of justice exists to excuse the procedural default that precludes federal habeas review of this claim. As such, his claim is not properly before this Court and should be dismissed.

The following claims are not properly before this Court because Burgess failed to comply with Rule 28(a)(10) of the Alabama Rules of Appellate Procedure:

Claim II-A        -        the claim that counsel's deficient investigation of the crime prejudiced Burgess at both phases of his trial;

Claim II-D-1     -        the allegation that counsel failed to ask the circuit court to remove one specific statement from the videotape;

| | | |
|---|---|---|
| Claim II-F-3 | - | the claim that counsel failed to investigate the accuracy of the pre-sentence report and to object to its consideration by the trial court; |
| Claim V-B | - | the allegation that appellate counsel failed to argue that there was alleged discrimination in the selection of the grand-jury foreperson; |
| Claim V-C | - | the claim that appellate counsel failed to present all readily available evidence in support of Burgess's *J.E.B.* claim; and |
| Claim VIII | - | the claim that the State withheld and belatedly disclosed exculpatory evidence. |

Rule 28(a)(10) of the Alabama Rules of Appellate Procedure requires an analysis of the circuit court's judgment and must include the contentions of the party "with citations to the cases, statutes, other authorities, and parts of the record relied on." The failure to satisfy the requirements of Rule 28(a)(10) is an adequate and independent state-law ground precluding habeas relief. *Ferguson v. Comm'r, Ala. Dep't of Corr.*, 69 F.4th 1243, 1259 (11th Cir. 2023 (recognizing that waiver of a claim under Rule 28(a)(10), Ala. R. App. P., constitutes a procedural default in federal habeas). Indeed, "federal courts in Alabama routinely treat claims dismissed pursuant to Rule 28(a)(10) as procedurally defaulted." *Barrow v. Toney*, No. 5:18-cv-00548, 2021 WL 4409086, at *2 (N.D. Ala. Sept. 27, 2021); *see Taylor v. Dunn*, No. 1:14-cv-00439, 2021 WL 575670, at *15 (S.D. Ala. Jan. 25, 2018 ("[F]ederal habeas courts have routinely deemed claims to be procedurally defaulted where the state courts dismissed them pursuant to a Rule 28(a)(10) waiver.").

## CLAIMS THAT ARE INSUFFICIENTLY PLEADED

The following claims fail to state claims for relief because they are insufficiently pleaded:

Claim I            -        the claim that the prosecution used its peremptory strikes in a manner that discriminated on the basis of gender in violation of *J.E.B. v. Alabama*;

Claim II-A          -        the claim that counsel's deficient investigation of the crime prejudiced Burgess at both phases of his trial;

Claim II-B-1        -        the claim that counsel failed to conduct a reasonable mitigation investigation;

Claim II-B-2        -        the claim that counsel failed to retain and present any expert witnesses to support the case in mitigation;

Claim II-C-1        -        the claim that counsel unreasonably failed to withdraw Burgess's plea of not guilty by reason of mental disease or defect prior to the commencement of jury selection;

Claim II-C-2-a      -        the claim that counsel failed to present evidence that Burgess could not receive a fair trial in Morgan County;

Claim II-C-2-b      -        the claim that counsel failed to retain and consult a social science expert in support of the motion for change of venue;

Claim II-C-2-c      -        the claim that counsel failed to conduct a public opinion poll or survey to assess the impact of pretrial publicity on whether Burgess could receive a fair trial in Morgan County;

Claim II-C-2-d    -    the claim that counsel failed to participate in a sample jury proceeding and show how the outcome supported his motion for change of venue;

Claim II-C-2-f    -    the claim that counsel failed to conduct an adequate voir dire regarding the pretrial publicity and to renew the change of venue motion prior to and during jury selection;

Claim II-C-3-a    -    the claim that counsel failed to object to the prosecution's discriminatory use of its peremptory strikes against women;

Claim II-C-3-d    -    the claim that counsel failed to move to quash the indictment based on discrimination in the selection of the grand jury foreperson;

Claim II-C-3-e    -    the claim that counsel failed to investigate and properly litigate the motion to suppress his statements to the police and to the media and the evidence seized upon his unlawful arrest;

Claim II-C-3-g    -    the claim that counsel failed to challenge unconstitutional and improper race-based practices;

Claim II-E-2    -    the claim that counsel failed to challenge impermissible victim impact argument during the penalty phase;

Claim II-F-2    -    the claim that counsel failed to object to the trial court's consideration of Dr. Maier's forensic mental health evaluation;

Claim II-F-4    -    the claim that counsel failed to present evidence of Burgess's remorse;

Claim V-A    -    the claim that appellate counsel failed to obtain and review State's Exhibits 100 and 101, the tapes of Burgess's statements, and failed to raise meritorious issues on appeal;

14

Claim VIII   -   the claim that the State withheld and belatedly disclosed exculpatory evidence; and

Claim IX   -   the claim that the State presented false and misleading testimony.

These claims are insufficiently pleaded and therefore fail to state claims for relief. (*see* Section C above for a detailed explanation of the case law). Rule 2(c) of the habeas corpus rules requires that the petition "specify all the grounds for relief available to the petition" and "state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. 644, 655 (2002). In addition, mere conclusory allegations unsupported by facts fail to state claims for relief. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Lindsey v. Thigpen*, 875 F.2d 1509, 1513 (11th Cir. 1989).

## ARGUMENT

### I.   Burgess is not entitled to relief on his *J.E.B.* claim.

Burgess contends that he is entitled to relief on his claim that the prosecution used its peremptory challenges based on gender in violation of *J.E.B. v. Alabama*, 511 U.S. 127 (1994). He is not entitled to habeas relief, and his claim should be denied.

As set forth in the State's answer, most of the facts Burgess relies on were not presented to the state courts on direct appeal. Those facts are unexhausted and procedurally defaulted and are not properly before this Court for review.

15

In fact, the only facts that are properly before this Court are that the State used eleven of its peremptory strikes to remove women from the jury, that the jury was comprised of eight men and four women, and that the venire from which the strikes were made consisted of twenty men and twenty-one women. DE19-19:80. As the ACCA found, Burgess failed to make a prima facie case showing of gender discrimination. *Id*. The ACCA stated the following concerning this claim:

> We do not find sufficient evidence that the female veniremembers who were struck shared only the characteristics of gender. Nor do we find anything in the type and manner of the prosecutor's statements or questions during the extensive voir dire examination that indicated an intent to discriminate against female jurors or that female jurors and male jurors were treated differently. There is no evidence that the prosecutor had a history of misusing peremptory challenges so as to discriminate against women. We find only that the prosecutor used many of his strikes to remove women from the venire. "Without more, we do not find that the number of strikes this prosecutor used to remove women from the venire is sufficient to establish a prima facie case of gender discrimination." *Ex parte Trawick*, 698 So. 2d 162, 168 (Ala. 1997), cert. denied, 522 U.S. 1000, 118 S. Ct. 568, 139 L.Ed.2d 408 (1997).

*Id*. Burgess relies primarily on facts that are not before this Court to attempt to establish a prima facie case of gender discrimination. However, as set forth above, those facts are not properly before this Court. The facts before this Court do not establish a prima facie case of gender discrimination. It is well settled that numbers alone are insufficient to establish a prima facie case in jury selection; the defendant must make a prima facie case by showing the totality of relevant facts that give rise to an inference of discriminatory purpose. *See, e.g., United States v. Hill*, 643 F.3d

16

807, 838-40 (11th Cir. 2011) (the prima facie case determination is not to be based on numbers but is to be make considering the totality of the circumstances (citing *Johnson v. California*, 545 U.S. 162, 168 (2005), *cert. denied*, 566 UU.S.970 (2012). "[A] defendant satisfies the requirements of *Batson's* first step by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred." *Johnson*, 545 U.S. at 170.

At trial and on direct appeal, Burgess relied on numbers alone to prove his claim. Burgess has failed to sustain his burden of proof. He has not attempted to prove, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1-2). Federal habeas relief is therefore foreclosed.

## II.     Burgess is not entitled to relief on his ineffective assistance of counsel claims.

To succeed on a claim of ineffective assistance of counsel, a petitioner must establish that counsel's performance was deficient because it fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The failure to

17

meet either *Strickland* prong is fatal to the claim." *Franks v. GDCP Warden*, 975 F.3d 1165, 1175 (11th Cir. 2020).

"Review of counsel's actions is highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Gavin v. Comm'r, Ala. Dep't of Corr.*, 40 F.4th 1247, 1263 (11th Cir. 2022). Because counsel is presumed to have acted reasonably, the "burden of persuasion is a heavy one: petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Stewart v. Sec'y, Dep't of Corr.*, 476 F.3d 1193, 1209 (11th Cir. 2007) (cleaned up).

"An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption" of reasonableness. *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc); *see Dunn v. Reeves*, 594 U.S. 731, 740 (2021) ("[W]e simply do not know what information and considerations emerged as counsel reviewed the case and refined their strategy."); *Titlow*, 571 U.S. at 23 ("[T]he absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.").

"In assessing attorney performance, the reviewing court should make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time." *Perkins v. United States*, 73 F.4th 866, 879 (11th Cir. 2023) (cleaned up). To that end, courts "must judge the reasonableness of

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 689.

Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." *Strickland*, 466 U.S. at 691; *see also Newland v. Hall*, 527 F.3d 1162, 1202 (11th Cir. 2008) ("In evaluating the reasonableness of a defense attorney's investigation, we weigh heavily the information provided by the defendant.").

Under *Strickland's* prejudice prong, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. This "requires a substantial, not just conceivable, likelihood of a different result." *Thornell v. Jones*, 602 U.S. 154, 163 (2024) (quotation omitted). Where an ineffectiveness claim is "based on counsel's performance at the sentencing phase of a capital case, a defendant is prejudiced only if 'there is a reasonable probability that, absent [counsel's] errors, the sentencer ... would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.'" *Id.* (quoting *Strickland*, 466 U.S. at 695).

19

"In determining whether there is a reasonable probability of a different result, a court must consider the totality of the available mitigation evidence—both that adduced at trial, and the evidence adduced in the habeas proceeding—and reweight it against the evidence in aggravation." *Gavin*, 40 F.4th at 1263 (cleaned up). A court must consider all of the evidence, including aggravating evidence that the State could have presented to rebut the additional mitigation evidence, in reweighing the aggravating and mitigating circumstances. *Wong v. Belmontes*, 558 U.S. 15, 26 (2009). To prove prejudice, a petitioner "must show a reasonable probability that the jury would have rejected a capital sentence after it weighed the entire body of mitigating evidence ... against the entire body of aggravating evidence." *Id.* at 20.

"Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (cleaned up); *see Evans v. Sec'y, Fla. Dep't of Corr.*, 699 F.3d 1249, 1268 (11th Cir. 2012) (en banc) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an [ineffectiveness] claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

"Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks

20

only 'whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.'" *Gissendanner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Richter*, 562 U.S. at 105). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable, which is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Franks*, 975 F.3d at 1176 (cleaned up). "[A] federal court may grant relief only if *every* fairminded jurist would agree that *every* reasonable lawyer would have made a different decision." *Reeves*, 594 U.S. at 739-40.

### A. Burgess is not entitled to relief on his claim that he was prejudiced by counsel's deficient investigation of the crime.

There are seven sub-claims of ineffectiveness under this heading. These allegations are procedurally defaulted and not properly before this Court because, as the ACCA found, Burgess failed to comply with Rule 28(a)(10), Ala. R. App. P. In addition, these allegations are insufficiently pleaded because they are conclusory in nature and fail to state a claim for relief. As set forth in the State's answer, Burgess does not provide the Court with the names of any experts who would testify to support the allegations in his amended habeas petition. See, Doc. 23 at 17. Instead, he gives the names of experts who *might* testify in support of his assertions.

In addition, as the ACCA found, even if Burgess had complied with Rule 28(a)(10), he would be due no relief on this claim for two reasons: (1) the claims were insufficiently pleaded because "Burgess did not plead the name of a single

expert that counsel should have consulted or used at trial; and (2) while the circuit court found the claims insufficiently pleaded, it also "held that much of the evidence Burgess alleged his counsel should have presented was inadmissible at trial. See, e.g., C. 1360, 1363, 1365, 1367, 1371, 1376, 1381." DE19-40:29-30. Pursuant to § 2254(e)(1), the state court findings of fact are presumed correct. Burgess must rebut those findings by clear and convincing evidence, but he has failed to sustain his burden of proof.

Burgess contends that the state court ruling was contrary to, or an unreasonable application of clearly established federal law and was based on an unreasonable determination of the facts. However, Burgess fails to show how the ACCA's rejection of his claim is contrary to any Supreme Court precedent. Instead, Burgess cites a few Supreme Court cases but fails to even attempt to show how the ACCA's holding was contrary to, or an unreasonable application of, any Supreme Court precedent. Instead, Burgess relies primarily on the *Alabama Capital Trial Manual* to argue that counsel's performance was deficient and that he was prejudiced by this deficient performance. This does not comply with 28 U.S.C. § 2254(d). Burgess, therefore, is not entitled to relief on this argument.

Burgess also argues that the state court erred when it found that he had not named specific experts who would testify in support of his claims in state court. While Burgess disagrees with the state court determination, he has not cited any

Supreme Court precedent to show that this finding was an unreasonable determination of the facts. And, as set forth above, Burgess continues to make the same mistake in this Court by failing to give the Court the names of experts who would actually testify in support of the allegations in the amended habeas petition. Burgess is also not entitled to relief on this argument.

For the reasons set forth above, this Court should deny relief on this claim in Burgess's amended habeas petition.

**B. The claim that counsel's deficient mitigation investigation prejudiced Burgess during the penalty phase of his trial.**

There are two separate claims of ineffectiveness in this section. Each of those claims will be addressed individually below.

**1. The claim that counsel failed to conduct a reasonable mitigation investigation.**

First, as set forth in the State's Answer, the facts in paragraph 151 of the amended habeas petition were not presented to the state court and should not be considered by this Court. Doc. 23 at 20. In addition, this claim is insufficiently pleaded because it is conclusory in nature and fails to state a claim for relief.

In addition, Burgess is not entitled to habeas relief because he has not alleged and cannot show that the decision of the state court was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts considering the evidence in the record. §§

23

2254(d)(1-2). The ACCA thoroughly discussed this claim in its opinion affirming the denial of Burgess's post-conviction petition. The ACCA noted that the circuit court "found that the record refuted Burgess's allegation that counsel had waited until the trial to start preparing for mitigation." DE19-40:32-33. As to Burgess's claim that counsel failed to obtain complete and accurate information regarding his social history, the circuit court found that counsel:

> effectively portrayed Burgess as a kindhearted and good person; a child who was neglected by his father; a child who lived in a crowded one-parent home; a young man who shortly before the crime was living on the streets from place to place; a person who was not violent or cruel toward others; a teenager who was eager to please and was planning on getting a job, taking care of his children, going back to school and getting his GED; a student who was quiet, didn't cause problems at school and did his assignments; and an accused who admitted the wrong that he had committed. The mitigating evidence presented by his trial counsel tended to show that the crime was not indicative of Burgess's character; that he was not a vicious, cold-blooded killer; and that he had the disposition and potential to help others. '[W]hen, as here, counsel has presented a meaningful concept of mitigation, the existence of alternate or additional mitigation theories does not establish ineffective assistance.' ... *Daniel v. State*, 86 So. 3d [405,] 437 [(Ala. Crim. App. 2011)]. (C. 1387-88.)

DE19-40:38. The circuit court then noted that it could be inferred that "much or all of the testimony would have been cumulative to the testimony provided by the four witnesses who did testify." *Id*. at 39. The circuit court noted that the trial court found three mitigating circumstances and found that, "even though the trial court had imposed a death sentence,

'its findings about the statutory and non-statutory mitigating circumstances refute Burgess's contentions that his trial counsel's penalty phase investigation and investigation were inadequate and damaging because they did not present more witnesses and evidence. Also, given the nature and extent of the aggravating evidence in this case, Burgess's factual allegations, even if true, fail to establish a reasonable probability that the outcome [of] his sentencing hearings would have been different had trial counsel presented additional penalty phase witnesses and evidence.' (C. 1389.)"

The ACCA then quotes the circuit court's discussion of the narrative set forth by

Burgess in his post-conviction petition[1], as follows:

"Burgess in paragraphs 157 through 318 covering 45 pages of his Second Amended Petition presents a lengthy third person narrative without identifying the narrator or the persons or other sources of the purported facts stated therein. This narrative begins with a discussion of the remote histories of ancestors with whom Burgess would have had little or no contact. It then moves to a discussion of Burgess's parents, Bill Burgess Sr. and Maggie Burgess, both of whom testified as mitigation witnesses in the penalty phase, and their children. Much of this discussion is cumulative of the actual testimony presented in mitigation, while other portions, had they been presented to the jury, would have impeached some of the favorable testimony given by the four mitigation witnesses who testified.

"The narrative then proceeds with the assertions that Maggie Burgess suffered from alleged mental illness and cognitive deficiencies, but does not identify any mental health professional who diagnosed and would testify to such medical diagnoses. Rather, much of this part of the narrative consists of the mental operations, feelings and thoughts of unnamed persons who may or may not have had firsthand knowledge about Maggie's parenting qualities. The narrator then presents an extended series of opinions that generally condemn the environment, housing, economy and school system in Decatur and Morgan County where Burgess grew up. Many of the allegations of poverty and deprivation would have applied to entire communities, not just Burgess

---

[1] The same narrative that is in the amended habeas petition.

25

and his immediate family. The narrator makes irrelevant and immaterial allegations about some of Burgess's siblings and how they behaved or performed in school.

"Much of the narrative about Burgess's childhood education, his demeanor, his character and his behavior confirms the testimony of Maxine Ellison, one of the actual mitigation witnesses who testified during the penalty phase. The narrator also discusses Burgess's dropping out of school in the ninth grade and his period of homelessness before the commission of the crime. Burgess's counsel actually knew about these facts and brought them to the jury's attention through the testimony of Maggie Burgess, Maxine Ellison and Danielle Douglas.

"The narrative continues with a description of head injuries allegedly suffered by Burgess as a child and his contention that he continued to suffer from severe headaches until the time of the crime. As the jury heard during the guilt phase trial, Burgess apparently believed, but never received a diagnosis, that he had brain cancer or a brain tumor. This is not new information that was unknown to his trial counsel; it simply was a belief that Burgess chose not to confirm and share with Dr. Maier while undergoing his mental evaluation. The narrative then concludes with much of the same information that Burgess had discussed with Maxine Ellison and that she testified to during the penalty phase

*Id*. at 41-44. After setting forth the circuit court's findings, above, the ACCA found that Burgess failed to show that the circuit court erred in summarily dismissing the claim that counsel were ineffective in their preparation for and presentation at the penalty phase. *Id*. at 44. In fact, Burgess has not attempted to prove that the ACCA's opinion is contrary to, or an unreasonable application of any Supreme Court precedent. He has also failed to prove that the ACCA's opinion is based on an

unreasonable determination of the facts. Federal habeas relief is therefore foreclosed. 28 U.S.C. §§ 2254(d)(1-2).

## 2. The claim that counsel failed to retain and present any expert witnesses to support the case in mitigation.

This claim should be denied because it is insufficiently pleaded. As set forth in the State's answer, doc. 23 at 22-23, Burgess does not provide the Court with the names of any experts who might testify to the allegations in his amended habeas petition. While Burgess suggests some names of witnesses who counsel might have consulted with, he then merely refers to experts who counsel should have consulted with and called without naming the experts who would testify to those facts at an evidentiary hearing. This claim is conclusory in nature, not supported by specific facts, and fails to state a valid claim for relief.

In addition, as the ACCA found, the circuit court properly found that this claim was insufficiently pleaded and without merit. The court noted that the record showed the following concerning this claim:

> "that Burgess underwent a forensic mental evaluation in July 1993, about seven months after the crime. According to the evaluation report ..., which was prepared by Dr. Lawrence R. Maier, a certified forensic psychologist, Burgess gave no history of having a mental illness, brain tumor, or brain cancer. Upon completing his evaluation, Dr. Maier found that Burgess demonstrated no symptoms of a mental illness. Dr. Maier concluded that he was competent to stand trial and that he was suffering from no major mental illness at the time of the crime. Nothing in the report suggested that Burgess needed a further independent medical or mental health evaluation. His trial counsel would have had access to Dr. Maier's mental evaluation report and were entitled to rely

on his opinions. *McMillan v. State*, 258 So. 3d 1154, 1177 (Ala. Crim. App. 2017) (holding that defense counsel is entitled to rely on the evaluation conducted by a qualified mental health expert, even if in retrospect the evaluation may not have been as complete as others may desire).

> "None of the findings and opinions provided by Dr. Maier would have been beneficial to Burgess had they been presented to the jury. His trial counsel were not obliged to shop around for a mental health diagnosis that was more favorable than the diagnosis given by Dr. Maier. *White v. State*, [343 So. 3d 1150, 1175-76 (Ala. Crim. App. 2019)]. As a matter [of] trial strategy, his trial counsel decided to abandon a defense of not guilty by reason of mental disease or mental defect. The Court cannot say that under the circumstances faced by his trial counsel, they pursued an unreasonable strategy by not obtaining and presenting independent mental health or medical evaluations. This subclaim fails to allege specific facts that satisfy the pleading requirements of Rule 32.6(b), fails to allege facts that, if true, would entitle Burgess to relief and is facially devoid of merit."

(C. 1385-86.)

The ACCA then found as follows:

> The circuit court rejected as insufficiently pleaded Burgess's claim that his trial counsel should have obtained medical records from his family physician, records from social-service agencies, and records about his life history. (C. 1386.) The circuit court's rejection of this claim was correct. As that court found, Burgess did "not plead specific beneficial facts that would have been shown by such records and that would have served to mitigate his sentence." (C. 1386.)

Burgess does not rely on any Supreme Court precedent to argue that the state court's resolution of this claim meets the requirements of § 2254(d). Instead, Burgess argues that the Eleventh Circuit's decision in *Daniel v. Comm'r, Ala. Dep't of Corr.*,

28

822 F.3d 1248, 1280 (11th Cir. 2016), is "on all fours" with his case. Doc. 21 at 193-95. The problem with this argument is that *Daniels*, is not clearly established federal law. Clearly established federal law "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Kilgore*, 805 F.3d at 1310. Burgess does not rely on any Supreme Court decision to support his argument, and he does not engage with either the state court's findings of fact or conclusions of law. He has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement.'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed.

### C. The claim that counsel were ineffective in their pretrial preparation and litigation.

This claim has three sub-claims and numerous sub-sub claims that will be addressed below.

#### 1. The claim that counsel failed to withdraw the plea of not guilty by reason of mental disease or defect prior to jury selection.

This claim should be denied because it is insufficiently pleaded. As set forth in the State's answer, doc. 23 at 25-26, Burgess alleges that counsel's failure to withdraw the plea in a timely manner undermined his defense theory, however, Burgess fails to identify how this defense theory was undermined. This claim, therefore, fails to state a valid claim for relief and should be denied.

29

Alternatively, the ACCA addressed the merits of this claim on post-conviction appeal. The ACCA affirmed the circuit court's dismissal of the merits of the claim because Burgess disregarded the appellate court's holding on direct appeal, concerning withdrawal of the plea. DE19-40;49-51. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. § 2254(d) forecloses relief unless either subsection 2254(d)(1) or (d)(2) are found to be applicable. *Early v. Packard*, 537 U.S. 3, 7 (2002). The burden of showing that an issue falls within these subsections is upon the petitioner. *Woodford v. Visciotte*, 537 U.S. 19, 24 (2002). Burgess has failed to sustain his burden of proof. In fact, he has not attempted to establish that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §§ 2254(d)(1-2). In fact, Burgess cites no precedent supporting this argument. Federal habeas relief is therefore foreclosed.

### 2. The claim that counsel failed to investigate, prepare, and litigate his motion for change of venue.

There are six sub-sub claims concerning counsel's alleged failure to investigate, prepare, and litigate his motion for change of venue. Each claim will be addressed individually below.

### a. The claim that counsel failed to present evidence that Burgess could not receive a fair trial in Morgan County.

The ACCA denied the merits of this claim on post-conviction appeal. The ACCA first noted that it had denied the merits of Burgess's argument that the trial court erred in denying his motion for change of venue on direct appeal and quoted its direct appeal opinion denying this argument. DE19-40:58. After quoting its opinion, the ACCA found that the circuit court "did not err in its analysis and its application of the pleading requirement." *Id.* at 59. The ACCA then held: "And Burgess's 'disagreement with [this Court's] holding [on direct appeal] does not invalidate it.'" *Id.*

When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. § 2254(d) forecloses relief unless either subsection 2254(d)(1) or (d)(2) are found to be applicable. *Early*, 537 U.S. at 7. The burden of showing that an issue falls within these subsections is upon the petitioner. *Woodford*, 537 U.S. at 24. Burgess has failed to sustain his burden of proof. In fact, he has not attempted to establish that the State court's determination of this issue "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §§ 2254(d)(1-2). Burgess cites no precedent supporting his argument. Federal habeas relief is therefore foreclosed.

### b. The claim that counsel failed to retain and consult with a social science expert.

This claim should be denied because it is insufficiently pleaded. As set forth in the State's answer, doc. 23 at 30, Burgess does not provide the Court with the names of any experts who would testify to the allegations in his amended habeas petition. While Burgess suggests some names of witnesses who counsel might have consulted with, he then merely refers to a social scientist without naming a specific expert. This claim is conclusory in nature, not supported by specific facts, and fails to state a valid claim for relief.

In addition, the ACCA found that this claim is without merit. DE19-40:59-60. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. § 2254(d) forecloses relief unless either subsection 2254(d)(1) or (d)(2) are found to be applicable. *Early*, 537 U.S. at 7. The burden of showing that an issue falls within these subsections is upon the petitioner. *Woodford*, 537 U.S. at 24. Burgess has failed to sustain his burden of proof. In fact, he has not

attempted to establish that the State court's determination of this issue "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States"

or that the State court's determination of this issue "resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceedings." 28 U.S.C. § 2254(d)(1-2). Burgess cites

no precedent supporting his argument. Federal habeas relief is therefore foreclosed.

### c. The claim that counsel failed to conduct a public opinion poll or survey.

This claim should be denied because it is insufficiently pleaded. The circuit

court found this claim insufficiently pleaded, and the ACCA agreed with the circuit

court. DE19-40:60-61.  This claim is conclusory in nature, not supported by specific

facts and fails to state a valid claim for relief.

In addition, the ACCA affirmed the circuit court's determination that this

claim is without merit. DE19-40:62-63. The ACCA quoted the following portion of

the circuit court's order finding the claim without merit:

> Additionally, his claim that he was prejudiced by his trial counsel's
> failure to conduct an opinion poll or survey is without merit. Even if a
> poll or survey showed that all residents in Morgan County had formed
> the opinion that he was guilty based on pretrial publicity, that result
> would not have mandated a change of venue. Burgess's speculation and
> conclusions are based on the incorrect legal premise that, because
> prospective jurors have read, seen, or heard something about a case and
> have formed impressions or opinions about a defendant's guilt, then
> actual prejudice exists that is sufficient to move the case to another

venue. It has long been recognized that jurors do not have to be totally
ignorant about the facts and issues involved in a particular case in order
to reach an unbiased verdict.

*Id.*, (relying on *Irvin v. Dowd*, 366 U.S. 717, 723-24 (1961).

When a habeas petitioner's claim has been adjudicated on the merits in state

court proceedings, 28 U.S.C. § 2254(d) forecloses relief unless either subsection

2254(d)(1) or (d)(2) are found to be applicable. *Early*, 537 U.S. at 7. The burden of

showing that an issue falls within these subsections is upon the petitioner. *Woodford*,

537 U.S. at 24. Burgess has failed to sustain his burden of proof. In fact, he has not

attempted to establish that the State court's determination of this issue "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States"

or that the State court's determination of this issue "resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceedings." 28 U.S.C. §§ 2254(d)(1-2). Burgess cites

no precedent supporting his argument. Federal habeas relief is therefore foreclosed.

### d. The claim that counsel failed to participate in a sample jury proceeding and show that the outcome supported a change of venue.

This claim should be denied because it is insufficiently pleaded. As the ACCA

noted, the circuit court found this allegation insufficiently pleaded DE19-40:64-66.

This claim is conclusory in nature and not supported by specific facts. Such speculative allegations are insufficient to support habeas relief.

In addition, as the ACCA found, this claim is without merit. The court stated the following concerning this claim:

> His claim also ignores the trial court's question to his trial counsel about whether they had 'any other written notes for him to look at' The clear import of this question is that Burgess's trial counsel had submitted written notes or questions that the trial court had weaved into its extensive instructions and questions to the sample jury.

*Id*. at 64-65. The ACCA found that Burgess failed to prove that the circuit court erred, and found: "That counsel did not participate during the sample jury proceedings in the manner that Burgess now thinks they should have does not show that counsel were ineffective." *Id*. at 65-66.

Burgess cites no Supreme Court authority to support his argument that counsel were ineffective because they failed to participate in a sample jury proceeding to show that a change of venue was necessary. He has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed. In addition, Burgess has not shown and cannot show that the ACCA's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. §§ 2254(d)(1-2).

### e.  The claim that counsel failed to raise actual prejudice.

This allegation is without merit. The ACCA stated the following about this claim:

> The circuit court rejected this claim because the record showed that trial counsel had raised "actual prejudice" ground in the motion for a change of venue. (C. 1412 (citing Trial C. 116-18).) The circuit court also found no merit in Burgess's argument "that the results of the trial court's sample jury proceeding showed 'actual prejudice' that required his trial counsel to renew the motion for change of venue." (C. 142 (emphasis added).) The circuit court stated that, rather than moving for a change of venue after the *sample* jury proceeding, "[t]he generally accepted method to establish the existence of actual jury prejudice is through voir dire examination of the prospective jurors who are summoned to try the case." (C. 1412.) The circuit court found that"[t]he sample jurors did not constitute part of the actual jury venire that was summoned for the trial of Burgess's case; therefore, since they were not actual prospective jurors, the sample jurors' impressions and opinions were merely informational and not an infringement of Burgess's due process rights." (C. 1413.)
>
> ***
>
> Burgess is due no relief on this claim. *See* Rule 32.7(d), Ala. R. Crim. P.

DE19-40:66-67. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. § 2254(d) forecloses relief unless either subsection 2254(d)(1) or (d)(2) are found to be applicable. *Early*, 537 U.S. at 7. The burden of showing that an issue falls within these subsections is upon the petitioner. *Woodford*, 537 U.S. at 24. Burgess has failed to sustain his burden of proof. He has not established that the State court's determination of this issue "resulted in a

36

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §§ 2254(d)(1-2). As the ACCA recognized, the circuit court found that Burgess's attorneys did raise actual prejudice as a ground for granting his motion for change of venue. Federal habeas relief is therefore foreclosed.

### f.  The claim that counsel failed to conduct adequate voir dire.

This claim is insufficiently pleaded. The circuit court found that

> Burgess fails to specifically please facts that clearly identify particular prospective jurors who were not sufficiently examined by his counsel, that explain what additional questions his trial counsel should have asked the identified prospective jurors, and that shows what beneficial information would have [been] revealed had the questions been asked. To sufficiently plead an ineffective assistance claim, Burgess must identify the specific omissions of counsel that were not reasonable.

DE19-40:69-73. The habeas petition fails in these same respects and is also insufficiently pleaded.

In addition, this claim is without merit. The circuit court found that Burgess's counsel did specifically question prospective jurors about pretrial publicity, that counsel had to make tactical and strategic decisions about how to conduct their voir dire, and removed for cause jurors who had fixed opinions about his guilt. *Id*. at 69-

37

70. After reviewing the circuit court's opinion, the ACCA found that Burgess was not entitled to relief on this allegation. *Id*. at 70-71.

When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. § 2254(d) forecloses relief unless either subsection 2254(d)(1) or (d)(2) are found to be applicable. *Early*, 537 U.S. at 7. The burden of showing that an issue falls within these subsections is upon the petitioner. *Woodford*, 537 U.S. at 24. Burgess has failed to sustain his burden of proof. He has not established that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §§ 2254(d)(1-2). Federal habeas relief is therefore foreclosed.

### 3.  The claim that counsel's performance during jury selection was ineffective.

There are seven sub-sub claims in this section of the amended habeas petition. Each sub-sub claim is addressed individually below.

### a. The claim that counsel failed to object to the prosecution's discriminatory practices against women.

This claim is insufficiently pleaded. The circuit court found that Burgess failed to sufficiently plead this claim because he did not plead specific facts showing that his counsel's decision was not a strategic one. DE19-40:80-81. Burgess's claim in this Court fails for the same reasons and is insufficient to support habeas relief.

In addition, this claim is without merit. The ACCA found that the circuit court correctly held that "before Burgess's trial counsel may be determined to have acted unreasonably, they must have had a valid legal basis for making a *J.E.B.* motion or objection." DE-19-40:84. The ACCA found that Burgess failed to plead "facts showing a valid legal basis for such an objection." *Id.*

When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. § 2254(d) forecloses relief unless either subsection 2254(d)(1) or (d)(2) are found to be applicable. *Early*, 537 U.S. at 7. The burden of showing that an issue falls within these subsections is upon the petitioner. *Woodford*, 537 U.S. at 24. Burgess has failed to sustain his burden of proof. He has not established that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceedings." 28 U.S.C. §§ 2254(d)(1-2). Federal habeas relief is therefore foreclosed.

### b. The claim that counsel failed to challenge prosecution's discriminatory practices against African Americans.

This claim is without merit. The ACCA held as follows concerning this claim:

> Burgess's bare assertion that the circuit court erred gives him no right to relief. *See*, *e.g., Stanley v. State*, 335 So. 3d 1, 27 (Ala. Crim. App. 2020) ("[A] claim is meritless if a court *can determine* based on the pleadings that, even if every factual allegation in a Rule 32 petition is true, the petitioner is *not* entitled to relief.").

DE19-40:73-74. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. § 2254(d) forecloses relief unless either subsection 2254(d)(1) or (d)(2) are found to be applicable. *Early*, 537 U.S. at 7. The burden of showing that an issue falls within these subsections is upon the petitioner. *Woodford*, 537 U.S. at 24. Burgess has failed to sustain his burden of proof. He has not established that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §§ 2254(d)(1-2). Federal habeas relief is therefore foreclosed.

###### c. The claim that counsel failed to challenge jurors P and Ch for cause.

The ACCA quoted the circuit court's discussion of this claim and found that Burgess had not shown that the circuit court erred when it denied relief on this claim. DE19-40:75-78. Specifically, the circuit court found that there was no basis for making challenges for cause of jurors P and Ch. *Id*. at 75-78. The circuit court found that "logic dictates that counsel does not render ineffective assistance by failing to make challenges for cause for which no legal basis exists." *Id*. at 77. The circuit court also found that Burgess failed to prove prejudice. *Id*. at 77-78. The ACCA then noted: "The circuit court found that '[w]hile both of them [jurors P and Ch] had read or seen information pertaining to his case, Juror P could not honestly say that Burgess was guilty, and juror Ch said he had formed no opinion as to Burgess's guilt or innocence.'" *Id*. at 78.

Burgess cites no Supreme Court authority to support his argument that counsel were ineffective because they failed to challenge jurors P and Ch for cause. He has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed. In addition, Burgess has not shown and cannot show that the ACCA's decision was contrary to or involved an unreasonable application of

clearly established federal law or was based on an unreasonable determination of the

facts. 28 U.S.C. §§ 2254(d)(1-2).

> **d. The claim that counsel failed to move to quash the indictment based on discrimination in the selection of grand jury forepersons.**

This claim is insufficiently pleaded. The circuit court found that Burgess

failed to sufficiently plead this claim because he did not plead specific facts showing

"the total number of persons on the venire from which the grand jury was chosen,

the racial composition of the venire, the process by which the grand jurors were

selected, the racial composition of the grand jury that indicted him and the race or

gender of the grand jury foreperson." DE19-40:84-85. Burgess's claim in this Court

fails for the same reasons and is insufficient to support habeas relief.

This claim is also without merit. The ACCA, quoting the Alabama Supreme

Court's opinion in *Ex parte Drinkard*, 777 So. 2d 295, 304 (Ala. 2000), noted that

Morgan County had changed its method of selecting grand jury forepersons and

"'the new procedure [in which the grand-jury members themselves choose the grand

jury foreperson] should limit any appearance of discrimination in the judicial

process.'" *Id.* at 85.

When a habeas petitioner's claim has been adjudicated on the merits in state

court proceedings, 28 U.S.C. § 2254(d) forecloses relief unless either subsection

2254(d)(1) or (d)(2) are found to be applicable. *Early*, 537 U.S. at 7. The burden of

showing that an issue falls within these subsections is upon the petitioner. *Woodford*, 537 U.S. at 24. Burgess has failed to sustain his burden of proof. He has not established that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §§ 2254(d)(1-2). Federal habeas relief is therefore foreclosed.

### e. The claim that counsel failed to investigate and litigate the motion to suppress Burgess's statements.

The ACCA noted that the circuit court found that Burgess's claim that counsel failed to investigate and litigate the motion to suppress his statements to the police was insufficiently pleaded because Burgess "did not name any witness who would have testified that there was a conspiracy to expose Buress to the media in the hope that he would make incriminating statements." DE19-40:89. Burgess's claim in this Court fails for the same reasons and is insufficient to support habeas relief.

In addition, the ACCA agreed with the circuit court that there was no merit to Burgess's arguments about his statements to the police and to the media. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. § 2254(d) forecloses relief unless either subsection

2254(d)(1) or (d)(2) are found to be applicable. *Early*, 537 U.S. at 7. The burden of showing that an issue falls within these subsections is upon the petitioner. *Woodford*, 537 U.S. at 24. Burgess has failed to sustain his burden of proof. He has not established that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §§ 2254(d)(1-2).. Federal habeas relief is therefore foreclosed.

> **f. The claim that counsel failed to challenge Burgess's indictment because it did not allege all the elements of the offense and failed to provide notice of the charge against him.**

The ACCA found that this claim is without merit, holding as follows:

Although the indictment does not include the word "robbery," the language of the indictment charging Burgess with capital murder tracks the language of Alabama's statute defining first-degree robbery, *see* § 13A-8-41, Ala. Code 1975, and the circuit court correctly held that "the indictment adequately charged Burgess with committing a murder that occurred during a robbery in the first degree. This was the aggravating circumstance that made the crime a capital offense. His contention that the indictment failed to allege an aggravating circumstance is without merit." (C. 1444.)

Burgess's conclusory argument on appeal does not show that the circuit court erred. He is due no relief on this claim. *See* Rule 32.7(d), Ala. R. Crim. P.

DE19-40:93-94. Burgess cites no Supreme Court authority to support his argument that counsel 91failed to challenge his indictment on the grounds that it did not allege all the elements of the offense and provide fair notice of the charge against him. He has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed. In addition, Burgess has not shown and cannot show that the ACCA's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. §§ 2254(d)(1-2).

### g.  Counsel failed to challenge unconstitutional and improper race-based practices.

This claim is insufficiently pleaded. Burgess failed to name the expert trial counsel should have consulted and offers only conclusory allegations in support of this claim. This claim is conclusory in nature, not supported by specific facts, and fails to state a valid claim for relief.

In addition, this claim is without merit. As the ACCA found, "[T]he circuit court did not err in finding that Burgess offered only conclusory assertions in support of this claim." DE19-40:91. Burgess cites no Supreme Court precedent (or any precedent) to support his conclusory allegations that counsel failed to challenge

unconstitutional and improper race-based practices. He has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed. In addition, Burgess has not shown and cannot show that the ACCA's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. §§ 2254(d)(1-2). In fact, Burgess cites no authority to support this claim for relief.

> ### D. The claim that counsel were ineffective during the guilt phase of Burgess's trial.

This claim has four sub-claims. Each sub-claim will be addressed individually below.

> #### 1. The claim that counsel failed to move to exclude State's Exhibit 101 in its entirety, to make an adequate record, and to move for a mistrial.

Four of Burgess's sub-claims in this sub-claim are procedurally defaulted because they were not raised on appeal in the ACCA: claim 1, all of the allegations in paragraph 2 except the allegation that Burgess referred to himself as a n*****; and claims 4 and 5. Doc. 23 at 55-56. The claim that counsel failed to ask the circuit court to remove a specific statement from the videotape is procedurally defaulted because Burgess failed to comply with Rule 28(a)(10) of the Alabama Rules of Appellate Procedure. *Id*. at 56-57.

46

The other claims—that counsel failed to move to exclude Burgess's references to himself as a "black n*****" and failed to monitor the editing of the videotape to ensure that it complied with the court's order and was not misleading—are without merit. The ACCA noted that the circuit court found that "the words 'black nigger' … appear[ed] to flow seamlessly from Burgess's earlier written statement to the investigator in which he quoted the victim as calling him … a 'damn nigger' and a 'poor ass nigger.'" DE19-40:97. The ACCA also noted that the circuit court found: "In the context of all evidence presented in the case, it would not have been unreasonable for Burgess's trial counsel to believe that their client's repeated use of the work 'nigger' demonstrated his insecurity and lack of self-esteem that the jurors might accept as mitigating against a death sentence." *Id*. at 97-98. The ACCA then noted that the circuit court found that the words "it went off" in the videotape should have been admitted was harmless based on Burgess's other statements suggesting that the shooting was unintentional. *Id*. at 98 The ACCA found that Burgess failed to show that the circuit court erred in summarily dismissing these claims. *Id*. at 99.

Burgess relies on *Estelle v. Williams*, 425 U.S. 501, 517 (1976), and *Holbrook v. Flynn*, 475 U.S. 560, 568-69 (1986), to apparently argue that his statements were not admissible because their prejudicial effect far outweighed their probative value. However, he does not explain how the state court unreasonably applied these cases.

47

Nor does Burgess attempt to show that the state court's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. For those reasons, he is not entitled to habeas relief, and his claims should be denied.

### 2. The claim that counsel failed to object to prosecutorial misconduct in the guilt phase argument.

This claim does not entitle Burgess to habeas relief. The ACCA stated the following concerning this claim:

> The circuit court thoroughly addressed this claim and all its subparts. (C. 1451-58.) The circuit court reviewed each of the instances of alleged misconduct and found that the prosecutor had made the challenged statements in response to Burgess's statement, his trial counsel's arguments, or the theory of defense or that the prosecutor's statements were proper based on this Court's ruling on direct appeal. Burgess's mere listing of alleged errors and his conclusory argument that the circuit court was wrong do not give him a right to relief. *See Morris*, 261 So. 3d at 1194; *State v. Mitchell*, --- So. 3d at ---.
>
> Burgess has not shown that the circuit court erred in summarily dismissing this claim. *See* Rule 32.7(d), Ala. R. Crim. P.

DE19-40:99-100.

Once again, Burgess cites no Supreme Court authority (or any authority) to sustain his burden of proving that the state court's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. For that reason, he is not entitled to habeas relief, and this claim should be denied.

### 3.  The claim that counsel failed to challenge victim impact evidence.

The ACCA stated the following concerning this claim:

> The circuit court thoroughly addressed this claim. (C. 1458-60.) The court noted that most of what Burgess challenged was photographic evidence of the victim and the crime scene, and the court correctly noted that such evidence is generally admissible. (C. 1459.) The circuit court cited *Payne* generally and found that the evidence Burgess challenged was not victim-impact evidence under *Payne*. (C. 1459-60.) The circuit court did not, as Burgess implies, find that *Payne* allows victim-impact evidence during the guilt phase.
>
> Burgess's cursory assertions that the circuit court erred give him no right to relief. See Rule 32.7(d), Ala. R. Crim. P.

DE19-40:100-101. While Burgess cites *Payne v. Tennessee*, 501 U.S. 808 (1991), and *Strickland*, there is no analysis of how counsel was ineffective. This is especially true where the ACCA affirmed the circuit court's finding that there was no *Payne* violation in this case. Burgess has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed. In addition, Burgess has not shown and cannot show that the ACCA's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. §§ 2254(d)(1-2).

### 4.  The claim that counsel failed to submit guilt phase instructions.

The ACCA found that this claim is without merit, reasoning:

Burgess argues that his trial counsel "unreasonably failed to submit jury instructions at the guilt phase that were necessary to ensure Mr. Burgess received a fair trial." (Burgess's brief, p. 67.) Burgess offers only three more sentences about this claim, including a conclusory assertion that the circuit court erred in dismissing the claim. (Burgess's brief, pp. 67-68.)

The circuit court correctly addressed this claim. (C. 1460-62.) The court found that it was not sufficiently pleaded and lacked merit. The circuit court also quoted this Court's holding on direct appeal: "The trial court fairly instructed the jury on the consideration of evidence and the elements necessary to convict Burgess of capital murder or felony murder. The jury was therefore properly informed as to how to consider the defense theory of the case in its deliberations." *Burgess*, 827 So. 2d at 190.

Burgess has not shown that the circuit court erred in its dismissal of this claim, and he is due no relief. See Rule 32.7(d), Ala. R. Crim. P.

DE19-40:101-102. Burgess cites no Supreme Court authority (or any authority) to sustain his burden of proving that the state court's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. For that reason, he is not entitled to habeas relief, and this claim should be denied.

### E. The claim that counsel were ineffective during the penalty phase of the trial.

This claim has three sub-claims. Each sub-claim will be addressed individually below.

50

### 1. The claim that counsel failed to object to prosecutorial misconduct during the penalty phase.

The ACCA determined, based on the circuit court's order, that this claim was

without merit. The ACCA stated the following concerning this claim:

> Burgess argues that the circuit court erred in summarily dismissing his claim alleging that his "trial counsel failed to object to the prosecutor's numerous acts of misconduct during the penalty phase of his trial, prejudicing him. (C. 964-66.)." (Burgess's brief, p. 68.) Burgess asserts that the circuit court erroneously "require[d]" him to cite legal authority and "prematurely ruled on the merits." (Burgess's brief, pp. 68-69.) Burgess contends that the "prosecutor ... misstate[d] the law" and that the circuit court erroneously found that no statement from the prosecutor during the penalty-phase closing argument "misled the jury." (Burgess's brief, p. 69.)
>
> The circuit court thoroughly addressed this claim. (C. 1462-68.) It did not, as Burgess suggests, dismiss the claim only because Burgess did not plead legal authority in support of it. Burgess omits the phrase "specific facts or" from this sentence he quotes from the circuit court's order: "For example, Burgess does not plead specific facts or legal authority establishing how or why this statement constituted misconduct or improper argument." (C. 1463 (quoted in Burgess's brief, p. 68.) The circuit court also correctly found: "[Burgess] does not address the entire remarks made by the prosecutor and the context in which those remarks were made when the alleged misconduct occurred." (C. 1463.) See, e.g., *Phillips v. State*, 65 So. 3d 971, 1033 (Ala. Crim. App. 2010) ("A prosecutor's statement must be viewed in the context of all of the evidence presented and in the context of the complete closing arguments to the jury." (citations and some quotation marks omitted); *DeBruce v. State*, 651 So. 2d 599, 609 (Ala. Crim. App. 1993) ("A prosecutor has a right based on fundamental fairness to reply in kind to the argument of defense counsel."). The circuit court found:
>
> > "The trial court correctly instructed the jurors that they were allowed to consider only one aggravating circumstance— murder committed during a first-degree robbery—and that it was their responsibility to weigh that aggravating circumstance

51

> against the mitigating circumstances in deciding the appropriate sentence to recommend. When viewed in the context of his entire penalty phase rebuttal argument, the prosecutor's statements that Mrs. Crow was shot once and how she must have felt with the gun pointed at her face and during the minutes she continued to live after the shooting clearly were intended to rebut defense counsel's arguments that a one-shot killing was not the same as a killing accompanied by many wounds or torture and did not justify the death penalty."

> (C. 1467.) Finally, the circuit court noted that this Court on direct appeal had rejected Burgess's claims alleging prosecutorial misconduct during the penalty phase of the trial. (C. 1465 (citing *Burgess*, 827 So. 2d at 162, 164).) Burgess's short argument does not show that the circuit court erred in dismissing this claim, and he is due no relief. See Rule 32.7(d), Ala. R. Crim. P.

DE19-40:102-104. Burgess has not sustained his burden of proof under 28 U.S.C. §§ 2254(d)(1-2). Burgess has not shown and cannot show that the ACCA's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. Burgess has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed.

## 2. The claim that counsel failed to challenge impermissible victim impact argument during the penalty phase.

The ACCA affirmed the circuit court's dismissal of this claim, holding:

> Burgess argues that his trial counsel were ineffective for not "object[ing] to the prosecutor's constitutionally impermissible

arguments, prejudicing him." (Burgess's brief, p. 69.) In support of this claim, he asserts: "As detailed in the petition, the prosecutor argued victim impact that was either made up or unsupported by the testimony. (C. 967.)" (Burgess's brief, p. 69.) He contends that "[t]he circuit court prematurely ruled on the merits of this claim," and he disagrees with the circuit court's finding that the meaning of the prosecutor's statements was "ambiguous at best" and "did not characterize Burgess as having no right to ask that his life be spared." (Burgess's brief, p. 70.) Finally, he disagrees with the circuit court's conclusion that, in one of the statements Burgess challenged, the prosecutor "was merely reminding the jury of the impact" on Crow's family members. (*Id*.)

The circuit court addressed Burgess's claim and all subparts, finding that they were insufficiently pleaded and lacked merit. (C. 1468-70.) The circuit court also noted that this Court on direct appeal "quoted a lengthy portion of the prosecutor's penalty phase closing argument that Burgess challenges herein as improper" and stated that this Court "rejected Burgess's contention that the prosecutor was arguing facts not in evidence." (C. 1470.) See *Burgess*, 827 So. 2d at 187-89. The circuit court correctly held that the challenged statements, when placed in context, "were not improper." (C. 1469.) See, e.g., *Phillips*, 65 So. 3d at 1033 ("A prosecutor's statement must be viewed in the context of all of the evidence presented and in the context of the complete closing arguments to the jury." (citations and some quotation marks omitted); *DeBruce,* 651 So. 2d at 609 ("A prosecutor has a right based on fundamental fairness to reply in kind to the argument of defense counsel."). Burgess's trial counsel cannot have been ineffective for failing to raise a meritless claim. See, e.g., *Brooks*, 340 So. 3d at 442; *Carruth*, 165 So. 3d at 641; *Yeomans*, 195 So. 3d at 1034.

Burgess's short argument does not show that the circuit court erred in summarily dismissing this claim. He is due no relief. See Rule 32.7(d), Ala. R. Crim. P.

DE19-40:105-106. While Burgess cites to *Payne* and *Strickland*, there is no analysis of how counsel was ineffective. This is especially true where the ACCA affirmed the circuit court's finding that there was no *Payne* violation in this case. Burgess has

failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). In addition, Burgess has not shown and cannot show that the ACCA's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. §§ 2254(d)(1-2). Federal habeas relief is foreclosed.

### 3. The claim that counsel failed to object to the trial court's erroneous and unconstitutional penalty phase jury instructions.

As the ACCA found, the circuit court properly found that this claim is without merit. The ACCA stated the following concerning this claim:

> Burgess argues that his trial counsel "unreasonably failed to object to" instructions during the penalty phase that, he says, "virtually mirror the instructions found to be plainly erroneous in *Ex parte Bryant*, 951 So. 2d 724, 730 (Ala. 2002)." (Burgess's brief, p. 70.) He asserts that the trial court did not "instruct the jury on what to do if the mitigating circumstances weighed equally with the aggravating circumstances." (Burgess's brief, pp. 70-71.)

> The circuit court correctly rejected this claim as lacking merit. As the circuit court found, the instructions here "were the same as or substantially identical to" the instructions that the Alabama Supreme Court approved in *Ex parte McNabb*, 887 So. 2d 998, 1001 (Ala. 2004), and *Ex parte Mills*, 62 So. 3d 574, 599 (Ala. 2010). (C. 1472.) Burgess does not address those decisions or explain why the circuit court was wrong to rely on them.

> Burgess also argues that his "[t]rial counsel unreasonably failed to request that the court instruct the jury to consider Mr. Burgess's age at the time of the offense as a mitigating circumstance, prejudicing him.

(C. 971-73.)" (Burgess's brief, p. 71.) Burgess acknowledges that trial counsel argued for the jury to consider Burgess's age as a mitigating circumstance, but he argues that counsel should have requested an instruction telling the jury that it must consider Burgess's age as a mitigating circumstance. (Burgess's brief, p. 72.) Burgess argues that because counsel did not request such an instruction, "[t]he prosecutor exploited this unreasonable omission by encouraging the jury to discount age as a mitigating circumstance, arguing that Mr. Burgess was twenty years old *at the time of trial* and should be held responsible for his actions." (Burgess's brief, p. 72.)

The circuit court correctly rejected this claim as lacking merit:

> "Regardless what the prosecutor may have argued about Burgess's age at the time of the trial, both his trial counsel's closing comments and the trial court's penalty phase final instructions clearly informed the jury that it was Burgess's age at the time of the crime, not at the time of the trial, that mattered in determining whether his age mitigated against the death penalty. His argument that the trial court's instruction failed to follow the law because it did not tell the jury that [it] must consider Burgess's age as a mitigating circumstance is misplaced. On Burgess's direct appeal the Alabama Court of Criminal Appeals considered his argument that the prosecutor disparaged age as a mitigating circumstance and misled the jury on the law regarding the mitigating circumstance of age. Rejecting this argument, the Court of Criminal Appeals found that '[t]he trial court correctly instructed the jury on mitigating circumstances, including the mitigating circumstance of age, and its responsibility to weigh those circumstances against the aggravating circumstances.' *Burgess,* 827 So. 2d at 162 [(emphasis added)]. While § 13A-5-51, Ala. Code 1975, included a list of mitigating circumstances for the trial court to explain to the jury, the statute did not require the trial court either to comment about whether any one or more existed in a particular case or to instruct the jury that [it] must find that a certain listed circumstance is mitigating based on the evidence presented. Counsel could not be ineffective for failing to request an instruction that was baseless. *Bearden v. State*, 825 So. 2d [868,] 872 [(Ala. Crim. App. 2001)]." (C. 1473-74.)

> Burgess has not shown that the circuit court erred, and he is due no
> relief. See Rule 32.7(d), Ala. R. Crim. P.

DE19-40:106-08. Burgess has not sustained his burden of proof under 28 U.S.C. §§ 2254(d)(1-2). Burgess has not shown and cannot show that the ACCA's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. Burgess has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed.

### F. The claim that counsel were ineffective during the sentencing hearing.

This claim has four sub-claims. Each sub-claim will be addressed individually below.

### 1. The claim that counsel failed to investigate and present evidence in mitigation at the sentencing hearing.

Burgess did not fairly present this claim as a federal constitutional claim to the state courts on post-conviction appeal. "In order to be exhausted, a federal claim must be fairly presented to the state courts." *McNair*, 416 F.3d at 1302; *see Duncan*, 513 U.S. at 365-66. "It is not sufficient that the federal habeas petitioner has been through the state courts, nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was

56

made." *Kelley*, 377 F.3d at 1343-44. "Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." *McNair*, 416 F.3d at 1302 (cleaned up).

Burgess presented this claim as a state-law claim on post-conviction appeal. He did not cite any Supreme Court cases, nor did he so much as allege a violation of his rights under the United States Constitution. He relied instead on Alabama law. Because he did not present this as a constitutional claim, this claim is procedurally defaulted and does not entitle Burgess to relief.

In addition, the ACCA found that this claim is without merit, as follows:

Burgess alleges that his trial counsel "failed to investigate any of the reasonably available, compelling mitigating evidence ... between the time of the jury's penalty recommendation and the sentencing hearing, despite having almost two months to do so." (Burgess's brief, p. 73.) Burgess alleges that his counsel were ineffective for not presenting that mitigating evidence at the sentencing hearing before the trial judge. (Burgess's brief, pp. 73-74.)

The circuit court found that this claim lacked merit. First, the court noted that Burgess merely restated the allegations he had made about counsel's alleged failure to investigate and present mitigating evidence during the penalty phase. The circuit court found that those same allegations did not show that counsel were ineffective in preparing for and in litigating the sentencing phase. (C. 1474-75.) Second, the circuit court found that "no established Alabama caselaw specified in 1994 what evidence in mitigation, if any, a defendant could present during a ... sentencing hearing" conducted under former § 13A-5-47(c), Ala. Code 1975. (C. 1475.) The circuit court found that trial counsel could not be "'ineffective for failing to forecast changes in the law.'" (C. 1475 (quoting *Jackson v. State*, 133 So. 3d 420, 448 (Ala. Crim. App.

2009), quoting in turn *Nicks v. State*, 783 So. 2d 895, 923 (Ala. Crim. App. 1999)).) Burgess contends that the circuit court erred in both respects.

This Court has decided this issue adversely to Burgess. In *State v. Mitchell*, 377 So.3d at 129-30, we held: "[U]nder Alabama's capital-sentencing scheme in effect at the time of Mitchell's trial and sentencing, this Court in *Boyd v. State*, 746 So. 2d 364, 398 (Ala. Crim. App. 1999), held: 'Section 13A-5-47, Ala. Code 1975, *does not provide for the presentation of additional mitigation evidence at sentencing* by the trial court. Therefore, trial counsel did not err in failing to do so.' (Emphasis added.) Although in *Woodward v. State*, 123 So. 3d 989, 1034 (Ala. Crim. App. 2011), this Court characterized that holding in *Boyd* as 'obiter dictum,' six months before the decision in *Woodward* (and five years after Mitchell's trial), this Court reaffirmed *Boyd* in *Miller v. State*, 99 So. 3d 349, 424 (Ala. Crim. App. 2011), quoting with approval the following from the trial court's order denying relief: "'[T]rial counsel could not be ineffective for failing to present additional mitigation evidence during the sentencing hearing because [former] 'Section 13A-5-47, Ala. Code 1975, does not provide for the presentation of additional mitigation evidence at sentencing by the trial court.' *Boyd v. State*, 746 So. 2d 364, 398 (Ala. Crim. App. 1999).'" Simply put, it would not have been unreasonable for Mitchell's counsel to rely on this Court's holding in *Boyd*, and the circuit court thus erred in concluding that trial counsel was ineffective for not presenting additional mitigating evidence at the separate sentencing hearing before the trial court. Cf. *State v. Tarver*, 629 So. 2d 14, 18-19 (Ala. Crim. App. 1993) ('Counsel's performance cannot be deemed ineffective for failing to forecast changes in the law.')." (Footnote omitted.)

The circuit court did not err in finding that counsel could not be ineffective for not investigating and presenting evidence at the sentencing hearing. Summary dismissal of this claim was proper. See Rule 32.7(d), Ala. R. Crim. P.

### 2.  The claim that counsel failed to object to court's consideration of Dr. Maier's forensic mental health evaluation.

This claim is insufficiently pleaded. As he did in state court, Burgess fails to identify what documents or information provided to Dr. Maier were also not provided to trial counsel. This claim is conclusory in nature, not supported by specific facts, and fails to state a valid claim for relief.

In addition, the ACCA found that this claim is without merit, as follows:

> Burgess contends that his trial counsel were ineffective for not objecting to the trial court's consideration of the pretrial mental-health evaluation that Dr. Lawrence Maier conducted. (Burgess's brief, p. 74.) Burgess argues that "Dr. Maier's opinions were based, in part, on information that was not disclosed to Mr. Burgess or his counsel." (Burgess's brief, pp. 74-75.) He contends that his trial counsel did no investigation of Burgess's social history before Dr. Maier's examination and did not "retain a qualified professional to conduct an evaluation" of Burgess after the trial court approved funds for counsel to do so. (Burgess's brief, p. 75.) He also asserts that counsel did not comply with an order from the trial court "that counsel provide specific information about Mr. Burgess to assist Dr. Maier in his evaluation." (Burgess's brief, p. 75.) Finally, he contends that "Dr. Maier thus conducted a mental health evaluation without information about Mr. Burgess's social history that was necessary" and that "[c]ounsel also failed to investigate or obtain copies of the documents that the State provided to Dr. Maier." (Burgess's brief, p. 75.)

> The circuit court addressed this claim in detail. (C. 1476-79.) The court explained that, under Rule 11.6(a), Ala. R. Crim. P., the trial judge had "to promptly review the report to determine if any reasonable grounds existed to doubt Burgess's mental [competency]." (C. 1476.) The circuit court found that Dr. Maier's report included "a brief, but accurate, summary of the alleged robbery and murder" and that Burgess gave information to Dr. Maier about his social history and background, including

> "information about his poor family upbringing, his father's neglect, his difficult relationships with family members, his children, his marital status, his relationships with three women, his having been stabbed with a razor, his alcohol and marijuana use, his removal from the job corps, his prior arrests and his history of no assessments, hospitalizations, counseling or treatment for mental health issues."
>
> (C. 1478.) The circuit court found that Burgess had "plead[ed] no specific facts ... that identify what documents or information" allegedly provided to Dr. Maier were not also provided to Burgess's trial counsel. (C. 1477.) Although Burgess disagrees with the circuit court's conclusion that he had not specifically pleaded this claim, he has not shown that the circuit court erred. He is due no relief on this claim. See Rule 32.7(d), Ala. R. Crim.

DE19-40:111-13. Burgess has not sustained his burden of proof under 28 U.S.C. §§ 2254(d)(1-2). He has not shown and cannot show that the ACCA's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. Burgess has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed.

### 3. The claim that counsel failed to investigate the accuracy of the pre-sentence report and failed to object to the trial court's consideration of the report.

As set forth above, this claim is procedurally defaulted from this Court's review because the ACCA found that Burgess failed to comply with Rule 28(a)(10)

of the Alabama Rules of Appellate Procedure. Burgess has not shown cause and prejudice or a fundamental miscarriage of justice to overcome this default. This Court should therefore refuse to consider the merits of this claim.

### 4. The claim that counsel failed to present evidence of Burgess's remorse.

This claim is not properly before this Court because it is insufficiently pleaded for the same reasons it was insufficiently pleaded in state court. As the ACCA noted, the circuit court found the claim insufficiently pleaded because Burgess did not identify any specific evidence of remorse, other than in his videotaped statement, that counsel failed to present during the penalty phase. DE19-40:115.

In addition, this claim is without merit. As the ACCA noted, this claim is meritless because "'Burgess himself had two opportunities to convey the sincerity of his remorsefulness' to the trial court but '[h]e declined on both occasions.'" *Id*. at 15-16. Burgess cites no Supreme Court authority (or any authority) to sustain his burden of proving that the state court's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. §§ 2254(d)(1-2). For that reason, he is not entitled to habeas relief, and this claim should be denied.

III.    **Burgess is not entitled to relief on his claim that trial counsel Biggs had an actual conflict of interest that violated his right to counsel and to a fair trial.**

Burgess raised this claim for the first time in the post-conviction proceedings.

The ACCA denied relief on this claim, holding as follows:

The circuit court addressed this claim in detail. (C. 1482-85.) The circuit court, relying on trial-court records and the allegations from Burgess's petition, stated the background for the claim and found that Burgess had not pleaded facts showing an actual conflict of interest. (Id.) The circuit court found:

"In July 1991, parents who claimed that their minor daughter had been raped by Timothy Lynn Cox, retained Decatur attorney Greg Biggs to prosecute Cox. Morgan County District Attorney Bob Burrell agreed to appoint Biggs as special prosecutor so long as the parents and Biggs understood that Burrell would recuse himself and his office from the Cox prosecution and retain no authority or responsibility in the case. The parents, Biggs, and Burrell signed a Notice of Appointment of Special Prosecutor that was filed with the Morgan County Circuit Clerk on July 26, 1991 and approved by the Circuit Court on July 29, 1991. (Clerk's Record, State v. Timothy Lynn Cox, Case No. CC-91-670, pages 35-36).

"Biggs presented the rape charge against Cox to the Morgan County Grand Jury which returned an indictment for rape in the first degree on August 5, 1991. (Clerk's Record, State v. Cox, at 2-4). Cox appeared for arraignment on November 21, 1991. (Clerk's Record, State v. Cox, at 4). He filed a youthful offender application and appeared for the hearing on his petition on February 14, 1992. (Clerk's Record, State v. Cox, at 5), Except for two requests for trial continuances filed by Biggs, the Clerk's Record reflects no activity in the Cox case until May 26, 1995 when Biggs filed a motion to have Cox transferred from the Federal Corrections facility in Ashland, Kentucky, where he was serving a 30-month sentence. (Clerk's Record, State v, Cox, at 24-29). The transfer occurred, and Cox appeared before the

62

undersigned on June 26, 1995, at which time he entered a guilty plea to second-degree assault and received a 20-month sentence to run concurrent with his federal sentences. (Clerk's Record, State v. Cox, at 14-15).

"The trial court appointed Wesley Lavender and Biggs to represent Burgess on July 28, 1993, approximately two years after Biggs's appointment as special prosecutor in the Cox case. Lavender and Biggs represented Burgess through his June 1994 capital murder trial and the judicial sentencing on August 24, 1994.

"Burgess now claims that Biggs had an actual conflict of interest by simultaneously serving as special prosecutor in the ... Cox case and defending Burgess on the capital murder charge. More specifically, Burgess alleges that an actual conflict of interest existed because Biggs was appointed as special prosecutor by District Attorney Bob Burrell who personally prosecuted Burgess's case. An actual conflict of interest occurs when a defense attorney places himself in a situation 'inherently conducive to divided loyalties.' *Castillo v. Estelle*, 504 F.2d 1243, 1245 (5th Cir. 1974). When a defense attorney owes duties to a party whose interests are adverse to those of the client he is defending, an actual conflict exists. The interests of the other client and the defendant are sufficiently adverse if it is shown that the attorney owed a duty to the defendant to take some action that could be detrimental to his other client. *Zuck v. Alabama*, 588 F.2d 436, 439 (5th Cir. 1979). There must be an actual conflict of interest, not a potential conflict of interest, in order to render counsel's assistance ineffective. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980).

"Contrary to Burgess's suggestion, Biggs was engaged in his own private law practice and was not a staff attorney in Burrell's office when the young girl's parents retained him and he received the appointment to prosecute Timothy Lynn Cox. Likewise, during the entire time he served as special prosecutor, Biggs was not an employee of District Attorney Burrell. Burgess disregards the clear recorded fact that Burrell, as a condition to his appointment of

63

Biggs, recused himself and his office from the Cox case and retained no authority over or responsibility for the case. Burgess pleads no specific facts showing that Burrell thereafter had any communication whatsoever with Biggs about the Cox case; that Burrell or any member of his staff thereafter participated, assisted, provided support or funding in Biggs's prosecution of Cox; that there was a nexus or substantial relationship between the Cox case and Burgess's case; that Biggs learned particular confidential information while prosecuting Cox that was relevant to Burgess's case; or that Biggs owed some duty to Burrell by reason of prosecuting the Cox case that was adverse to the interests of Burgess."

(C. 1482-84.) The circuit court distinguished the cases Burgess relied on: *Pinkerton v. State*, 395 So. 2d 1080 (Ala. Crim. App. 1980), and *Zuck v. Alabama*, 588 F.2d 436 (5th Cir. 1979). Pinkerton involved an attorney who represented a defendant with knowledge that a former client would be a witness for the prosecution—the former client had agreed to act as an informant in exchange for sentencing consideration, and his activities as an informant had led to the defendant's arrest. 395 So. 2d at 1082. In *Zuck,* the defendant's attorney was part of a law firm that simultaneously represented the prosecutor who was prosecuting the defendant's case. 588 F.2d at 438-39.

The circuit court continued its analysis:

"Burgess further argues that Biggs had an actual conflict of interest because Decatur police officers, Gary Walker and Richard Crowell, testified before the grand jury in the Cox case and were on the prosecution's list of witnesses in Burgess's case. In actuality, Biggs called Walker as a defense witness in the hearing on Burgess's motions to suppress, and Walker then testified as a prosecution witness and was cross-examined by defense co-counsel Lavender. Crowell did not testify in Burgess's trial. In support of this actual conflict claim, Burgess fails to allege specific facts establishing that the Cox case was in any way related to Burgess's case; that Biggs learned particular confidential information from Walker or Crowell while prosecuting Cox that was relevant to Burgess's case and could

64

have been used to cross-examine Walker; that Biggs owed a duty of loyalty to Walker and Crowell simply based on their involvement as potential prosecution witnesses in the Cox case; or that Biggs's appointment to represent Burgess two years after becoming the special prosecutor in the Cox case created a situation inherently conducive to divided loyalties. "Mere proof that a criminal defendant's attorney is prosecuting a case that involves witnesses who may become witnesses in the trial of the defendant's case is insufficient in and of itself to establish conflicting interests. Alleged facts that 'present only a possible, speculative, or merely hypothetical conflict' of interest do not establish a Sixth Amendment violation. See *Williams v. State*, 574 So. 2d 876, 878 (Ala. Crim. App. 1990) (No Sixth Amendment violation where the defendant's attorney, who had represented the family of a prosecution witness, did not actively represent conflicting interests in the defendant's capital case)."

(C. 1484-85.)

The circuit court correctly addressed and rejected each argument that Burgess made in support of his claim. Burgess has not shown that the circuit court erred, and he is due no relief. See Rule 32.7(d), Ala. R. Crim. P.

DE19-40:116-21. Pursuant to § 2254(e)(1), the state court findings of fact are presumed correct. Specifically, the circuit court found the following facts to be true: that Burgess failed to allege specific facts establishing that Biggs's prior representation of Cox was in any way related to his case, that Biggs learned confidential information from the police officers while prosecuting Cox that was relevant to the Burgess case, that Biggs owed a duty of loyalty to the police officers based on their involvement in the Cox case, or that Biggs's representation of Burgess two years after being the special prosecutor in the Cox case created a situation

65

inherently conducive to divided loyalties. *Id.* Burgess did not attempt to rebut these findings of fact and completely failed to rebut the findings by clear and convincing evidence.

Burgess alleges that the ACCA's opinion was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts and relies on the Supreme Court's opinion in *Mickens v. Taylor*, 535 U.S. 162 (2002), to make this argument. However, Burgess completely fails to conduct any analysis of the facts of his case compared to the facts in *Mickens*. In addition, there is nothing in *Mickens* that establishes that the ACCA's opinion involves an unreasonable application of *Mickens*. As the circuit court found in this case (and the ACCA affirmed), there was no conflict in this case (as there was no conflict in *Mickens*). Burgess is not entitled to relief on this claim. Habeas relief is therefore foreclosed.

## IV.    The claim that jurors were exposed to, and considered, extrinsic evidence in violation of their duty to reach guilty and penalty phase verdicts based solely on the evidence presented at trial.

The ACCA considered and rejected this claim on post-conviction appeal,

First, the ACCA set forth the circuit court's holding concerning this claim as follows:

> The circuit court held that this claim did not give Burgess a right to relief because "[t]he alleged prejudicial extrinsic evidence that Burgess relies on to support his claim constitutes protected discussions and debates of the jurors during their deliberations and is not extraneous information under the exception to Rule 606(b), Ala. R. Evid." (C. 1505.) In reaching that conclusion, the circuit court relied on several

decisions examining what is "extraneous" evidence, including *Sharrief v. Gerlach*, 798 So. 2d 646 (Ala. 2001), *Bethea v. Springhill Memorial Hospital*, 833 So. 2d 1 (Ala. 2002), and *Marshall v. State*, 182 So. 3d 573 (Ala. Crim. App. 2014).

"[A] defendant seeking a new trial on the basis of juror misconduct has the initial burden to prove that a juror or jurors did in fact commit the alleged misconduct." *Dawson v. State*, 710 So. 2d 472, 475 (Ala. 1997). "The question whether the jury's decision might have been affected is answered not by a bare showing of juror misconduct, but rather by an examination of the circumstances particular to the case." *Ex parte Apicella*, 809 So. 2d 865, 871 (Ala. 2001).

Under Rule 606(b), Ala. R. Evid., a juror "may not testify in impeachment of the verdict or indictment as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, *except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention* or whether any outside influence was improperly brought to bear upon any juror."

The ACCA then stated:

At issue is whether Burgess pleaded facts showing that "the jury was subjected to 'extraneous prejudicial information' that 'was improperly brought to the jurors' attention.'" (C. 1502.) The circuit court relied on *Warger v. Shauers*, 574 U.S. 40, 135 S.Ct. 521, 190 L.Ed.2d 422 (2014), in which the United States Supreme Court explained the meaning of "extraneous" information under Rule 606(b)(2)(A), Fed. R. Evid.:

"Generally speaking, information is deemed 'extraneous' if it derives from a source 'external' to the jury. See *Tanner [v. United States]*, 483 U.S. [107,] 117, 107 S. Ct. 2739, 97 L.Ed.2d 90 [(1987)]. *'External' matters include publicity and information related specifically to the case the jurors are meant to decide, while 'internal' matters include the general body of experiences that jurors are understood to bring with*

67

*them to the jury room.* See, id., at 117-119, 107 S. Ct. 2739; 27 C. Wright & V. Gold, *Federal Practice and Procedure: Evidence* § 6075, pp. 520-521 (2d ed. 2007). Here, the excluded affidavit falls on the 'internal' side of the line: Whipple's daughter's accident may well have informed her general views about negligence liability for car crashes, but it did not provide either her or the rest of the jury with any specific knowledge regarding Shauers' collision with Warger." *Warger*, 574 U.S. at 51-52, 135 S. Ct. 521 (2014) (emphasis added).

\*\*\*

The circuit court then rejected Burgess's claim:

> "In support of his ... claim that his jurors considered and relied on improper extraneous or extrinsic evidence in reaching their guilt and penalty phase verdicts, Burgess pleads no specific facts showing that the jurors' statements, explanations, and opinions about [the gun] during their deliberations were based on information that came from some external authority or through some process outside the scope of his trial. The statements, explanations, and opinions that Burgess attributes to the jurors clearly related to the operation of [the gun] and to Burgess's own statements that the .25 Titan semi-automatic fired accidentally and unintentionally when the victim struck him. Burgess alleges no facts showing that the jury consulted outside sources of information regarding the handgun's operation. Other than bare conclusions, Burgess pleads no facts showing that the jurors were influenced by any outside source or external authority."

(C. 1505.)

On appeal, Burgess contends that the jurors conducted an "experiment" that "created extraneous evidence." (Burgess's brief, p. 89.) He argues that the decisions the circuit court relied on—*Bethea*, *Marshall*, and *Sharrief*—"each involved jurors expressing opinions about a key issue based on their personal experiences." (Burgess's brief, p. 90.)

Burgess asserts:

> "Here, however, the misconduct consisted of an evidentiary
> process outside the scope of trial. Juror 12 did not simply relate
> his personal experience with firearms or observe for instance that
> no pistol he had used had discharged unintentionally. Rather, he
> experimented with and manipulated [the gun] outside the scope
> of trial to demonstrate that it could have discharged
> unintentionally."

(Burgess's brief, p. 90.) Burgess argues that the facts of his case are like
the facts in *Thomas v. State*, 666 So. 2d 855, 858 (Ala. 1995), and *Nix
v. Andalusia*, 21 Ala. App. 439, 109 So. 182 (1926). We disagree.

In *Nix*, which involved a Prohibition Era prosecution for possession of
whiskey, the Alabama Court of Appeals found misconduct because a
juror had tasted the whiskey, in violation of the judge's instructions and
the law. 21 Ala. App. at 440, 109 So. at 182. In *Thomas*, the jurors
during their deliberations

> "asked the judge for a pair of handcuffs so that they might
> determine to what extent handcuffs affect one's mobility. The
> judge denied the request and informed the jury that such
> experimentation was improper. After the judge denied that
> request, a member of the jury put on the pants the defendant had
> been wearing at the time of his arrest (those pants having been
> put into evidence), had another juror bind his hands behind him
> with a cord, and attempted to reach into the pockets. ... Thomas
> maintains that the extraneous evidence 'affected the verdict' or
> at the very least was 'crucial in resolving a key material issue.'
> He says that this is obvious because, he says, the jurors would
> not have conducted their experiment if they had been convinced
> from the evidence properly before them that it was possible for
> him to have removed the cocaine from his pocket, an act
> necessary for the prosecution to prove in order to convict. One
> juror executed an affidavit saying that she had based her decision
> in part on the experiment. The Court of Criminal Appeals ... held
> that there was no reversible error because the jurors' experiment
> did not disclose any new fact prejudicial to the defendant. Here,
> however, new evidence was introduced by the juror's
> experiment. Before the experiment, the jury had heard no
> evidence of the defendant's reach while handcuffed and it had

69

heard no evidence as to how loosely or tightly the handcuffs held his hands. In addition, the rope used to bind the juror's hands during the experiment had not been introduced in evidence. Because the improper experiment introduced new evidence crucial in resolving a key material issue (whether the defendant was physically capable of removing the cocaine from his pocket), the juror misconduct constituted reversible error.

> "Further, the defendant claims that he did not learn the extent of the experiment until after the jury had returned its verdict, and, therefore, that he raised it at the first available time when he raised it in his motion for a new trial. We agree with this proposition. *Indeed, the defendant could scarcely have anticipated that the jurors would defy the judge's express orders to refrain from such experiments*. These *favorable* instructions from the trial judge, coupled with the unforeseeability of the jury's conduct, obviated any responsibility the defendant might otherwise have had to interpose a contemporary objection."

666 So. 2d at 857-58 (some emphasis added).

*Thomas* and *Nix* are distinguishable. In both cases, the jurors defied the orders of the trial judge. Further, in *Thomas* the jurors during deliberations used an item—a rope— that was not in evidence. The alleged juror misconduct in Burgess's case is analogous to the challenged acts in *Marshall* and *Bethea*. The "conduct did not come to the jury from some external authority or through some process outside the scope of the trial ...; rather, it arose solely from within the 'debates and discussions' of the jurors during the process of deliberating." *Bethea*, 833 So. 2d at 8-9.

The circuit court did not err in finding that the evidence of alleged juror misconduct was inadmissible, and it did not err in summarily dismissing this claim. See Rule 32.7(d), Ala. R. Crim. P.

70

DE19-40:128-38. Pursuant to § 2254(e)(1), the state court findings of fact are presumed correct. Burgess must rebut these findings by clear and convincing evidence, but he has failed to sustain his burden of proof.

The ACCA's decision is not contrary to and does not involve an unreasonable application of any Supreme Court precedent; rather, it is consistent with Supreme Court precedent. 28 U.S.C. § 2254(d)(1). *See Tanner v. United States*, 483 U.S. 107 (1987) (where the Court upheld a challenge to Rule 606(b) of the Federal Rules of Evidence where the defendant requested to continue his sentencing date and interview jurors because he received information that several jurors consumed alcohol during lunch breaks and slept at various times during the trial, the district court declined the request, and the Court affirmed the district court's holding); *Warger v. Shauers*, 574 U.S. 40, 42-43 (2014) (where the Court held that Rule 606(b) precluded a party seeking a new trial from using one juror's affidavit of what another juror said in deliberations to demonstrate the other juror's dishonesty during voir dire, recognized that "Rule [606(b)] applies 'during an inquiry into the validity of a verdict'" and held that this type of evidence did not fall within 606(b)'s exception concerning extraneous evidence).

As the ACCA found, quoting *Bethea v. Springhill Memorial Hospital*, 833 So. 2d 646 (Ala. 2002), the evidence Burgess relies on to support his juror misconduct claim "did not come to the jury from some external authority outside the

71

scope of the trial …; rather it arose solely from within the 'debates and discussions' of the jurors during the process of deliberating." DE19-40:138. Burgess has not shown and cannot show that the ACCA's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. Burgess has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed.

## V.      The claim that appellate counsel were ineffective.

This claim has four sub-claims. Each sub-claim will be addressed individually below.

### A. The claim that appellate counsel failed to obtain and review State's Exhibits 100 and 101 and failed to raise meritorious issues on appeal.

This claim is insufficiently pleaded for the same reasons it was insufficiently pleaded on post-conviction appeal: Burgess did not identify who could testify that his appellate counsel did not view the videotapes and did not plead what additional facts appellate counsel could have given the ACCA that would have made a difference in the outcome of the appeal. DE19-40:123-24. Burgess's speculative allegations are insufficient to warrant habeas relief.

In addition, this claim is without merit. As the ACCA noted, the circuit court found that the trial court properly allowed the videotapes into evidence. *Id*. The

circuit court also noted that the ACCA's direct appeal opinion reflected that the ACCA "actually reviewed the videotape and considered in substance every fact argued by Burgess in paragraph 557 of his second amended [Rule 32] petition." *Id*. Burgess has not shown and cannot show that the ACCA's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. Burgess has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed.

### B. The claim that appellate counsel were ineffective in the circuit court and on direct appeal.

Burgess's claim that appellate counsel failed to argue there was discrimination in the selection of the grand jury foreperson claim is procedurally defaulted. The ACCA found that Burgess failed to comply with Rule 28(a)(10), Ala. R. App. P. This is an adequate and independent state-law ground precluding habeas relief.

The remaining claims were addressed by the ACCA on post-conviction appeal and are without merit. The ACCA stated the following concerning these claims:

> The circuit court addressed Burgess's claims in detail. (C. 1493-96.) The circuit court, citing this Court's holding on direct appeal about Burgess's fair-cross-section claim, found that "even if the alleged missing record would have shown a higher percentage disparity ... Burgess still would not be entitled to relief" because he had not shown that the alleged underrepresentation was "the result of systematic

exclusions of the group in the jury selection process." (C. 1493-94 (citing, among other authorities, *Burgess*, 827 So. 2d at 185).)

The circuit court cited this Court's proportionality review on direct appeal and thus rejected as insufficiently pleaded Burgess's contention that his appellate counsel were ineffective for not seeking a proportionality review of Burgess's sentence. (C. 1494.) The circuit court also noted that appellate counsel had, in fact, challenged the denial of the motion seeking a change of venue. (C. 1495.)

DE19-40:124-27. While Burgess cites *Strickland* to support his claim, there is no analysis as to why the ACCA's opinion is an unreasonable application of that opinion. Burgess has not shown and cannot show that the ACCA's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. §§ 2254(d)(1-2). He has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed.

## C. The claim that appellate counsel failed to present all available evidence in support of Burgess's *J.E.B.* claim.

Burgess's argument that appellate counsel failed to present all available evidence in support of his *J.E.B.* claim is procedurally defaulted. The ACCA found that Burgess failed to comply with Rule 28(a)(10), Ala. R. App. P. See Doc. 23 at 85-86. This is an adequate and independent state-law ground precluding habeas relief.

74

### D. Appellate counsel failed to argue in the application for rehearing that the ACCA erred in affirming the denial of a change of venue.

The ACCA summarily dismissed this claim finding as the circuit court did, "the arguments that Burgess asserts that his appellate counsel should have made were a 'rehash of the same arguments' that Burgess made in other parts of his petition." DE19-40:128.

Once again, Burgess cites *Strickland* to support his claim, but there is no analysis as to why the ACCA's opinion is an unreasonable application of *Strickland*. Burgess has not shown and cannot show that the ACCA's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. §§ 2254(d)(1-2). He has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed.

## VI. The claim that the trial court's failure to change venue denied Burgess a fair trial and an impartial jury.

The ACCA found that this claim lacked merit on direct appeal, as follows:

Before denying the change-of-venue motion, the trial court heard evidence on the extent of the publicity surrounding the murder. Burgess presented evidence from the three major radio stations in the Morgan County area, all of which aired news stories from January 26, 1993, through January 29, 1993, related to the murder and Burgessss arrest and his subsequent admission to reporters. None of the radio stations

carried stories on the murder after January 29, 1993, until the change of venue hearing in February 1994. The trial court also considered testimony from the three television stations in the Morgan County area. All of the television stations broadcast news stories in January 1993 concerning the murder and Burgess's arrest. These newscasts included the televised admission of Burgess made to reporters as he was escorted from the Decatur City Hall to the Morgan County jail. The trial court also heard testimony from the news editor of the local newspaper, The Decatur Daily. During January 1993, the Decatur Daily contained news stories about the murder and Burgess's arrest and admission. After January it contained sporadic stories which mentioned the murder during the spring and summer of 1993, and then published a letter to the editor about a possible change of venue in January 1994. There was also evidence of news stories published in the Huntsville Times newspaper in January and February 1993, with sporadic articles that mentioned Burgess printed throughout 1993, up until the change-of-venue hearing.

On March 9, 1994, the trial court convened a sample jury from the venire of another court session, and conducted a voir dire of that jury to ascertain the juror's ability to impartially hear the case. The results of the court's questioning of this sample jury indicated that all 12 jurors had heard about the murder from some source. Eight of those jurors had seen Burgess's televised admission. Seven of the jurors indicated that they had formed some opinion about the murder, but only one juror felt that she had been so influenced by what she knew about the murder that she could not follow her juror's oath. Eleven jurors told the trial court that they could set their opinions aside, listen to the evidence, follow the instructions of the court, and return a fair and impartial verdict based only on the evidence and the law. When the trial court asked this sample jury, "Do you think he is guilty now without hearing of the evidence?" none of the jurors responded.

On April 14, 1994, after reviewing all the evidence presented by both parties, and after taking the extraordinary measure of empaneling a sample jury randomly selected from individuals summoned for jury duty, the trial court made the following ruling:

> "After careful consideration of the testimony presented by both movant and respondent and the responses given by sample jurors,

the Court has determined that movant has failed to meet his burden of showing, to the reasonable satisfaction of the Court, that a fair and impartial trial cannot be had and an unbiased verdict cannot reasonably be expected. In reaching its decision, the Court has considered the substance, scope and breadth of media coverage surrounding this case. The Court has also considered the effect that the passage of time has had on pretrial publicity. In addition, the Court has considered the responses given by sample jurors together with all of the other testimony presented by the parties and has determined that, while it may not be possible to find a jury panel which is totally ignorant of the facts and issues in this case, it has not been demonstrated that the constitutional standard for a fair and impartial jury would be violated. It cannot be said, weighing all of the evidence received by the Court together, that the community was so saturated by prejudicial publicity that the defendant could not be given a fair trial."

(C.R.36–37.)

"The right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors." *Irvin v. Dowd*, 366 U.S. 717, 722, 81 S. Ct. 1639, 6 L.Ed.2d 751 (1961). "A defendant is entitled to a change of venue if he can demonstrate to the trial court that he cannot receive a fair and impartial trial in the county where he is to be tried." § 15–2–20, Ala. Code 1975; *Nelson v. State*, 440 So.2d 1130, 1131, (Ala. Crim. App. 1983).

" ' "There are two situations in which a change of venue is mandated. The first is when the defendant can show that prejudicial pretrial publicity 'has so saturated the community as to have a probable impact on the prospective jurors' and thus renders the trial setting 'inherently suspect.' *McWilliams v. United States*, 394 F.2d 41 (8th Cir.1968); *Dobbert v. Florida*, 432 U.S. 282, 97 S. Ct. 2290, 53 L.Ed.2d 344 (1977). In this situation, a 'pattern of deep and bitter prejudice' must exist in the community. *Irvin v. Dowd*, 366 U.S. at 727, 81 S. Ct. 1639."

' " ' "The second situation occurs when the defendant shows 'a connection between the publicity generated by the news articles, radio

and television broadcasts and the existence of actual jury prejudice.'
*McWilliams v. United States, supra.*"'"

*Hyde v. State*, 778 So.2d 199, 231 (Ala. Crim. App. 1998), quoting
*Holladay v. State*, 549 So.2d 122, 125–26 (Ala. Crim. App. 1988). It is
the former situation that Burgess argues rendered Morgan County
"inherently suspect" as a venue and thus, unable to render a fair trial.

> "Prejudice is presumed from pretrial publicity when pretrial
> publicity is sufficiently prejudicial and inflammatory and the
> prejudicial pretrial publicity saturated the community where the
> trials were held. ... The presumed prejudice principle is 'rare[ly]'
> applicable, and is reserved for an 'extreme situation.' "

*Coleman v. Kemp*, 778 F.2d 1487, 1490 (11th Cir. 1985) (citation
omitted). In determining whether Burgess has shown inherent
prejudice, we are satisfied that Burgess has met the "saturation of the
community" prong. The evidence showed that the radio, television, and
newspapers that had reported the murder and confession in the Morgan
County area reached a substantial number of the citizens in the
community. It is clear from the answers of the sample jury that almost
everyone had heard about the murder, and that most had either
witnessed Burgess's admission on television, or had heard about it in
some way.

However, we do not believe Burgess has proved that the pretrial
publicity was "prejudicial and inflammatory." Burgess compares his
pretrial publicity with the "extreme situation" described in *Rideau v.
Louisiana*, 373 U.S. 723, 83 S. Ct. 1417, 10 L.Ed.2d 663 (1963).
*Rideau*, like this case, involved a televised confession that was
repeatedly rebroadcast of a robbery and murder and that saturated the
community in which the trial of the offenses were held. However, the
confession in *Rideau* was described by an indignant United States
Supreme Court as a televised "kangaroo court" presided over by the
sheriff, in which the accused, flanked by two state troopers, confessed
in response to the sheriff's leading questions. The Supreme Court
implied that law enforcement had staged the production for
dissemination to the public prior to trial. Unlike *Rideau,* there is no
evidence in this case that the admission to reporters was contrived by
law enforcement or that it resulted from a conspiracy between the police

78

and the media. The videotape of Burgess's admission, which was the basis for all of the pretrial publicity, shows a sober, relaxed Burgess walking across the courthouse parking lot, escorted by two police investigators, as he responded in a composed, thoughtful, and articulate manner to questions posed by news reporters. In fact, it was the nature of Burgess's admission, as much as the admission itself, that filled the news reports on television, radio, and newspapers during January and February 1993. Burgess's admission to reporters, as the television cameras rolled, was publicity of his own making. And it was Burgess's conversation with the media that sensationalized what was otherwise a straightforward, purely factual reporting of a murder investigation and subsequent arrest. However, because that televised admission was subsequently admitted into evidence, any prejudice from the publicity resulting from that admission was negligible. *Henderson v. Dugger*, 925 F.2d 1309, 1314 (11th Cir. 1991). Apart from the news stories describing and showing Burgess's televised conversation with the media, the pretrial reporting was factual, and did not contain inflammatory or prejudicial commentary. Pretrial publicity that is purely factual in nature is acceptable and will not support a change of venue. *Heath v. Jones*, 941 F.2d 1126, 1135 (11th. Cir. 1991).

We also agree with the trial court that the period between the murder and trial served as a "cooling off period" that lessened the impact of any potentially inflammatory pretrial publicity. *Heath v. Jones*, supra; *Patton v. Yount*, 467 U.S. 1025, 104 S. Ct. 2885, 81 L.Ed.2d 847 (1984). The murder and Burgess's arrest and subsequent admission to the television cameras all occurred on January 26, 1993. Almost all of the media attention and news reporting concerning Burgess and his admission to the media took place during the weeks after the murder. After that, Burgess "basically drifted away from major consciousness." (R. 110.) There were no more headline stories, radio news reports, or television reports until Burgess's change-of-venue hearing in February 1994. His trial did not start until June 1994. The lack of media attention between February 1993, and June 1994, dimmed memories and negated much of the sensationalism of Burgess's admission to the media in January 1993.

Based on the foregoing, we hold that Burgess was unable to show that the pretrial publicity, much of it of his own making, marred his trial sufficiently for us to conclude that this is one of those extremely rare

79

> cases in which we should find inherent prejudice. *Heath v. Jones*, 941
> F.2d at 1136.

DE19-19:86-88. Pursuant to § 2254(e)(1), the state court findings of fact are presumed correct. Burgess must rebut these findings by clear and convincing evidence, but he has failed to sustain his burden of proof.

The ACCA's decision is not contrary to and does not involve an unreasonable application of any Supreme Court precedent; rather, the ACCA properly relied on Supreme Court precedent, and Burgess has not attempted to prove that the ACCA's decision is an unreasonable application of any Supreme Court precedent. He has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed.

## VII.  The claim that the trial court's refusal to excuse jurors who were unfit to serve denied Burgess a fair trial.

After setting forth the facts concerning this claim, the ASC denied the merits of the claim, as follows:

> Burgess contends that the judge's denial of his challenges for cause against Mr. H and Mr. C relegated him to spending peremptory challenges on them and thereby violated his constitutional right to a fair and impartial jury trial. The test for deciding a challenge for cause is whether the juror can ignore his preconceived ideas and render a verdict according to the evidence and the law. *Ex parte Taylor*, 666 So. 2d 73, 82 (Ala. 1995). A juror "need not be excused merely because [the juror] knows something of the case to be tried or because [the juror] has

80

formed some opinions regarding it." *Kinder v. State*, 515 So. 2d 55, 61 (Ala. Crim. App. 1986). For a juror to be disqualified, the juror's opinion of the defendant's guilt or innocence "must be so fixed that it would *bias* the verdict a juror would be required to render." *Oryang v. State*, 642 So. 2d 979, 987 (Ala. Crim. App. 1993) (quoting *Siebert v. State*, 562 So. 2d 586, 595 (Ala. Crim. App. 1989)). *See also* § 12-16-150, Ala. Code 1975.

This Court has recognized that

> "[o]nce a juror makes an initial statement that is vague, ambiguous, equivocal, uncertain, or unclear or that shows confusion, it is the trial judge's function to question the juror further, so as to ascertain whether the juror can be impartial."

> *Knop v. McCain*, 561 So. 2d 229, 234 (Ala. 1989). "The qualification of prospective jurors rests within the sound discretion of the trial judge." *Morrison v. State*, 601 So. 2d 165, 168 (Ala. Crim. App. 1992); *Ex parte Cochran*, 500 So. 2d 1179, 1183 (Ala. 1985). This Court will not disturb the trial court's decision "unless there is a clear showing of an abuse of discretion." *Ex parte Rutledge*, 523 So. 2d 1118, 1120 (Ala. 1988). "This court must look to the questions propounded to, and the answers given by, the prospective juror to see if this discretion was properly exercised." *Knop*, 561 So. 2d at 232. We must consider the entire voir dire examination of the juror "in full context and as a whole." *Ex parte Beam*, 512 So. 2d 723, 724 (Ala. 1987). *Ex parte Rutledge*, 523 So. 2d at 1120.

Having reviewed the entire voir dire examination of Mr. H and Mr. C, we do not find that either had a fixed opinion about Burgess's guilt or innocence that would bias his verdict in this case. Mr. H expressed no bias against Burgess and revealed no fixed opinion about Burgess's guilt or innocence. While Mr. C., in answering defense counsel's question whether anything Mr. C. had seen, read, or heard would bias him against Burgess, stated that he had heard hearsay about the case, he did not state whether what he had heard was favorable or unfavorable to Burgess. In fact, Mr. C. did not state any of the facts that he had heard. For aught that appears in the record, Mr. C. heard only hearsay facts that were immaterial, innocuous, or even favorable to

Burgess. Mr. C.'s act of answering the inquiry about bias—his act of answering in and of itself—was more likely from an abundance of candor than a disclosure of bias. None of Mr. C.'s responses during the voir dire reveal any bias against Burgess. Thus, the trial court did not abuse its discretion in denying defense counsel's challenges for cause against Mr. H and Mr. C. (remaining citations omitted).

DE19-19:51-53. Pursuant to § 2254(e)(1), the state court findings of fact are presumed correct. Burgess must rebut these findings by clear and convincing evidence, but he has failed to sustain his burden of proof.

While Burgess cites two Supreme Court cases to support his claim, there is no analysis as to why the ASC's opinion is an unreasonable application of that precedent. Burgess has not shown and cannot show that the ASC's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. §§ 2254(d)(1-2). He has failed to satisfy his heavy burden of showing that the ACCA's decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement'" *Shinn*, 592 U.S. at 118 (quoting *Richter*, 562 U.S. at 103). Federal habeas relief is foreclosed.

## VIII.   The claim that the State withheld and belatedly disclosed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

Burgess's argument that the State withheld and belatedly disclosed exculpatory evidence is procedurally defaulted. The ACCA found that Burgess failed to comply with Rule 28(a)(10), Ala. R. App. P. This is an adequate and

independent state-law ground precluding habeas relief. In addition, this claim is insufficiently pleaded because it is conclusory in nature. It therefore fails to state a valid claim for relief.

The ACCA also found the circuit court did not err in summarily dismissing this claim, as follows:

> Burgess argues the circuit court erred in summarily dismissing his claims alleging that the State violated *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963). Burgess alleged that the State withheld a videotape and photographs of the crime scene taken by Decatur police officers, "which would have revealed the condition of the scene prior to the time it was washed down"; "reports and statements pertaining to the photographic lineup that would have revealed that officers used improper methods to induce a witness to make a positive identification of Mr. Burgess"; and "affidavits collected by Decatur police officers" about his motion for a change of venue, "which would have demonstrated that the affidavits were biased, inaccurate, unreliable, and obtained using improper police tactics." (Burgess's brief, pp. 93-94.)
>
> The circuit court rejected the claim about the videotape and photographs:
>
>> "[T]he trial record discloses that within 30 to 45 minutes after the crime was reported, Decatur Police Department investigator John Boyd arrived at the crime scene and began making photographs of the crime scene. The shop had been secured, and the victim's body was still located in the building where she had been found by the first officers to arrive. Burgess's trial counsel stipulated at trial that 44 of the photographs accurately depicted the crime scene and the victim. Burgess does not plead specific facts identifying what photographs and video were withheld or belatedly disclosed, what the photographs and video depicted that was exculpatory, who took the photographs and video in question, when the allegedly withheld or belatedly disclosed

photographs and video were made and, as to the photographs that were belatedly disclosed, when the disclosure actually occurred."

(C. 1506.)

In rejecting Burgess's claim about the photographic lineup the Decatur police showed to Patricia Wallace, who identified Burgess as the man she had seen at the crime scene, the circuit court cited this Court's holding on direct appeal that even if Wallace's identification of Burgess was affected by the lineup, it made no difference because Burgess's identification as the person who committed the robbery and murder was never at issue. (C. 1507 (citing *Burgess*, 827 So. 2d at 170-71).) The circuit court found that Burgess had pleaded

"no specific facts that show what reports, statements or other information were withheld or belatedly disclosed by the State, what the alleged reports, statements or other information would have said or shown that was exculpatory and why the alleged statements, reports or other information, even if indicative of unduly suggestive police tactics, would probably have changed the outcome of his guilt phase trial. Burgess's allegations consist largely of bare conclusions based on speculation rather than specific facts, fail to sufficiently plead a cognizable claim that would entitle him to relief and do not create a material issue of fact or law that would entitle him to relief."

(C. 1507.)

Finally, as to the affidavits, the circuit court found:

"[T]he prosecution during the hearing on his motion to change venue attempted to introduce affidavits that two Decatur police investigators collected from Morgan County citizens or business owners. Each of the affidavits consisted of a preprinted form and purported to give the affiants' opinions that Burgess could get a fair trial in Morgan County. After a stinging cross-examination by Burgess's counsel revealed the tactics used by the investigators to collect the affidavits and their unreliability, the trial court refused to admit them into evidence. (Change of venue transcript at 201-202). Even if the prosecution did not produce

the affidavits before the hearing on the change of venue issue, Burgess fails to establish that he was prejudiced. Because the trial court heard the evidence of how the affidavits were produced and collected and refused to admit them as evidence, they were immaterial and played no part in the trial court's ruling on Burgess's motion to change venue."

(C. 1507-08.)

Other than summarizing the allegations and asserting that the circuit court erred, Burgess offers no argument or authority in support of this claim. Thus, his brief does not comply with Rule 28(a)(10), Ala. R. App. P. See *Ex parte Borden*, 60 So. 3d at 943; *Morris*, 261 So. 3d at 1194; *State v. Mitchell*, 377 So. 3d at ——. Even so, the circuit court did not err in summarily dismissing these claims. Burgess is due no relief. See Rule 32.7(d), Ala. R. Crim. P.

DE19-40:138-41. Burgess alleges that the ACCA's opinion was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts and relies on the Supreme Court's opinion in *Brady v. Maryland*, 373 U.S. 83 (1963), to make this argument. However, Burgess completely fails to conduct any analysis of the facts of this case compared to the facts in *Brady*. In addition, there is nothing in the ACCA's opinion that involves an unreasonable application of *Brady*. When a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, 28 U.S.C. § 2254(d) forecloses relief unless either subsection 2254(d)(1) or (d)(2) are found to be applicable. *Early*, 537 U.S. at 7. The burden of showing that an issue falls within these subsections is upon the petitioner. *Woodford*, 537 U.S. at 24. Burgess has failed to sustain his burden of proof. Federal habeas relief is therefore foreclosed.

85

**IX.    The claim that the State presented false and misleading testimony.**

This claim is unexhausted and procedurally defaulted because, as the ACCA found, the claim was not raised at trial or on appeal as required by Rules 32.2(a)(3) and (a)(5) of the Alabama Rules of Criminal Procedure. DE19-40:142. Burgess's failure to raise the claim at trial or on direct appeal was a procedural default under state law which bars its consideration on federal habeas review. *See Edwards*, 529 U.S. at 451.

**X.    The claim that the trial court's failure to permit individualized voir dire denied Burgess a fair trial and individualized sentencing.**

This claim is unexhausted and procedurally defaulted because Burgess failed to present this claim to the ASC on direct appeal. His failure to present this claim to the ASC was a procedural default under state law, which bars its consideration on federal habeas review. *Pruitt*, 348 F.3d at 1358-59.

**XI.    Trial court's failure to quash the venire after prospective juror O informed members of the venire that Burgess was guilty.**

The ACCA thoroughly set forth the facts concerning this claim in its opinion on direct appeal. DE19-19:84-86. The ACCA noted that the trial court individually questioned the jurors who were exposed to juror O who attempted to discuss his opinion of the case with them and also questioned juror O about this conduct. *Id*. at 84. The trial court then called the entire venire into the room and asked if any other jurors had heard juror O make any comments regarding the case. Only one juror

responded to this inquiry. Defense counsel then asked the venire if anyone had changed their opinion about the case because of what anyone might have said to them and there was no response to this question. *Id*. at 84-85. The trial court then questioned the juror who had responded to the court's question, and she explained what had happened and informed the court that she had no opinion about the case. *Id*. Defense counsel made a motion to quash the entire venire, and the trial court denied the motion. *Id*. at 85. The ACCA stated the following concerning Burgess's claim:

> "Whether there has been a communication with a juror and whether it has caused prejudice are questions of fact to be determined by the trial court in the exercise of sound discretion." *Gaffney v. State*, 342 So.2d 403, 404 (Ala. Crim. App. 1976), cert. denied, 342 So. 2d 404 (Ala.1977). We agree with the trial court that there was no need to quash the entire venire, because the venire had not been tainted by Mr. O.'s comments, or by the process of determining the extent of Mr. O.'s communications.

> " 'In cases involving juror misconduct, a trial court generally will not be held to have abused its discretion "where the trial court investigates the circumstances under which the remark was made, its substance, and determines that the rights of the appellant were not prejudiced by the remark." *Bascom v. State*, 344 So. 2d 218, 222 (Ala. Crim. App. 1977). However, the trial judge has a duty to conduct a "reasonable investigation of irregularities claimed to have been committed" before he concludes that the rights of the accused have not been compromised. *Phillips v. State*, 462 So. 2d 981, 990 (Ala. Crim .App. 1984). His investigation should include a "painstaking and careful" inquiry into the alleged juror misconduct. *Lauderdale v. State*, 22 Ala .App. 52, 54, 112 So. 92, 93 (1927).

" '....

" ' ... [W]hen the trial judge acts promptly to investigate the circumstances surrounding the making of an inherently prejudicial remark by a veniremember, determining specifically whether the remark was made and whether the remark had a prejudicial effect on those who, ultimately selected to serve as jurors, heard it, there is no error in the denial of a motion for mistrial based on jury contamination. " '....

"*Ex parte Lasley*, 505 So. 2d 1263, 1264 (Ala. 1987)." *Riddle v. State*, 661 So .2d 274, 276 (Ala. Crim. App. 1994), quoting *Holland v. State*, 588 So. 2d 543, 546, 548–49 (Ala. Crim. App. 1991).

"What constitutes a 'reasonable investigation of irregularities claimed to have been committed' will necessarily differ in each case. A significant part of the discretion enjoyed by the trial court in this area lies in determining the scope of the investigation that should be conducted.

" '....

" ... As long as the court makes an inquiry that is reasonable under the circumstances, an appellate court should not reverse simply because it might have conducted a different or a more extensive inquiry. Generally, where the judge polls the jury and each juror indicates that there has been no improper communication, that is sufficient. See *Ham v. State*, 540 So. 2d 805, 810 (Ala. Crim. App. 1988); *Ex parte Weeks*, 456 So. 2d 404, 407 (Ala. 1984), cert. denied, 471 U.S. 1030, 105 S. Ct. 2051, 85 L.Ed.2d 324 (1985). There is no absolute requirement that a juror alleged to have received an improper communication be examined apart from the other jurors. See *Smith v. State*, 432 So. 2d 550 (Ala. Crim. App. 1983), and *Hopkins v. State*, 429 So. 2d 1146, 1152 (Ala. Crim. App. 1983)(wherein the jury was questioned together as a group)."

> *Sistrunk v. State*, 596 So. 2d 644, 648–49 (Ala. Crim. App. 1992). In this case, the trial court individually questioned the offending veniremember, and each veniremember to whom that member had spoken. After a thorough investigation, the trial court determined that the veniremembers to whom Mr. O. had spoken were not influenced by his remarks. The court then removed Mr. O., not only from the venire, but from the jury rolls completely. There is absolutely no indication in the record the other veniremembers were tainted by Mr. O.'s expressions of opinion regarding the case. Nor is there any indication that there were any veniremembers who were not forthcoming to the trial court, when asked if they had talked to Mr. O. In fact, the court's investigation revealed that the jurors in the venire were very serious about following the court's directives. We do not find error, much less plain error, in the trial court's decision to conduct an inquiry of the entire venire before conducting individual voir dire.

> The trial court's findings that the venire had not been tainted by the conduct of Mr. O. or the resulting investigation and its denial of the motion to quash the venire were not an abuse of discretion.

DE19-19:85-86. Burgess alleges that the ACCA's opinion was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. While Burgess notes two Supreme Court cases, he completely fails to conduct any analysis of the facts of this case compared to the facts of those cases. In addition, there is nothing in the ACCA's opinion that involves an unreasonable application of those cases. When a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, 28 U.S.C. § 2254(d) forecloses relief unless either subsection 2254(d)(1) or (d)(2) are found to be applicable. *Early*, 537 U.S. at 7. The burden of showing that an issue falls within these subsections is upon the petitioner. *Woodford*, 537 U.S. at 24.

Burgess has failed to sustain his burden of proof. Federal habeas relief is therefore

foreclosed.

**XII.  The claim that imposition of a death sentence on Burgess who was eighteen years old at the time of his crime, violated the Eighth and Fourteenth Amendments.**

The ACCA denied relief on this claim, and found that the circuit court did not

err when it found:

> "a defendant's chronological age, not his alleged 'mental age,' determines whether he is death-sentence eligible. Because he was 18 years old at the time of the 1993 robbery/murder, Burgess is legally entitled to no relief from the imposed sentence on the basis of a 'mental age' exception." (C. 1513 (citing *Roper*, supra; *Thompson v. State*, 153 So. 3d 84, 177-78 (Ala. Crim. App. 2012); and *Jackson*, 133 So. 3d at 466).) The circuit court did not err by following this Court's binding precedent. See *Reynolds v. State*, 114 So. 3d 61, 157 n.31 (Ala. Crim. App. 2010).

DE19-40:142-43. Burgess asks this Court to expand the Supreme Court's opinion in

*Roper v. Simmons*, 543 U.S. 551 (2005). However, asking this Court to expand

*Roper* does not comply with the requirements of § 2254(d) because Burgess has not

shown that the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law or was based on an unreasonable

determination of the facts. In fact, the ACCA's decision follows *Roper*. When a

habeas petitioner's claim has been adjudicated on the merits in state-court

proceedings, 28 U.S.C. § 2254(d) forecloses relief unless either subsection

2254(d)(1) or (d)(2) are found to be applicable. *Early*, 537 U.S. at 7. The burden of

showing that an issue falls within these subsections is upon the petitioner. *Woodford*,

537 U.S. at 24. Burgess has failed to sustain his burden of proof. Federal habeas

relief is therefore foreclosed.

### XIII.  The claim that Alabama's death penalty statute and the procedures resulting in Burgess's sentence of death violate the Fifth, Sixth, Eighth, and Fourteenth Amendments.

The ACCA denied relief on this claim in its post-conviction opinion, as

follows:

> Burgess argues that the circuit court erred when it summarily dismissed his claim alleging that Alabama's death-penalty statute in effect at the time of his trial "required that the trial court, not the jury, make every finding necessary to impose the death penalty." (Burgess's brief, p. 97.) As Burgess acknowledges, the Alabama Supreme Court rejected this argument in *Ex parte Bohannon*, 222 So. 3d 525 (Ala. 2016). The circuit court did not err in summarily dismissing this claim. See Rule 32.7(d), Ala. R. Crim. P.

DE19-40:143-44.

Burgess argues that Alabama's death penalty statute is unconstitutional under

*Hurst v. Florida*, 577 U.S. 92 (2016). Burgess has failed to sustain his burden of

proof. Burgess has not shown that the state court's decision was contrary to or

involved an unreasonable application of clearly established federal law or was based

on an unreasonable determination of the facts. 28 U.S.C. §§ 2254(d)(1-2). In

addition, as set out more fully below, Burgess is not entitled to relief on his *Hurst*

claim. Federal habeas relief is therefore foreclosed.

The ACCA relied on the ASC's opinion in *Ex parte Bohannon*, 222 So. 3d 525 (Ala. 2016), to find that Burgess was not entitled to relief under *Hurst*. *Hurst* followed the Supreme Court's opinion in *Ring v. Arizona*, 536 U.S. 584 (2002). In *Ring*, the Court held that a jury must find the existence of the facts that increase the range of punishment to include the imposition of the death penalty, applying the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to death penalty cases and overruling part of *Walton v. Arizona*, 497 U.S. 639 (1990). *Ring* held that Arizona's death penalty statute violated the Sixth Amendment right to a jury trial "to the extent that it allows a sentencing judge, sitting without a jury, to find an aggravating circumstance necessary for imposition of the death penalty. 536 U.S. at 585. Thus, a trial court cannot make a finding of "any fact on which the legislature conditions an increase in their maximum punishment." *Id.* at 589. Only the jury can. *Hurst* did not add anything of substance to *Ring*.

As long as the jury finds the existence of at least one aggravating circumstance at the guilt phase, both the Supreme Court of Alabama and the Eleventh Circuit Court of Appeals have held that a resulting death sentence complies with *Ring* and *Hurst*. *See Bohannon*, 222 So. 3d 535 (holding that *Ring* and *Hurst* require only that the jury find the existence of the aggravating factor that makes a defendant eligible for the death penalty—the plain language in those cases requires nothing more and nothing less. Accordingly, because in Alabama a jury, not the judge, determine by a

unanimous verdict the critical finding that an aggravating circumstance exists beyond a reasonable doubt to make a defendant death eligible."); *Lee v. Comm'r, Ala. Dep't of Corr.*, 726 F.3d 1172, 1197-98 (11th Cir. 2013).

Burgess was found guilty of murder during a robbery. The jury thus necessarily found beyond a reasonable doubt the existence of the corresponding aggravating circumstance specified in the Alabama Code. § 13A-5-49(4). This finding by the jury exposed Burgess to a range of punishment that has, as its maximum, the death penalty. That is all that *Hurst* requires.

## XIV.  The claim that the cumulative effect of the errors denied Burgess a fundamentally fair trial and rights guaranteed by the United States and Alabama Constitutions.

Burgess claims that he was prejudiced by the cumulative effect of counsel's errors. He is not entitled to habeas relief, and his claim should be denied. The ACCA stated the following concerning this claim:

> Burgess's final claim is that he has a right to relief based on alleged "cumulative error." (Burgess's brief, p. 102.) Alabama does not recognize "cumulative error" as applied to ineffective-assistance-of-counsel claims. *Carruth*, 165 So. 3d at 651 ("Alabama does not recognize a 'cumulative effect' analysis for ineffective-assistance-of counsel claims. ... Accordingly, this claim was meritless and the circuit court was correct to summarily dismiss it. See Rule 32.7(d), Ala. R. Crim. P.). And because Burgess has shown no error in the circuit court's dismissal of his petition, there can be no cumulative error.
>
> The circuit court did not err in summarily dismissing this claim. Rule 32.7(d), Ala. R. Crim. P.

93

DE19-40:149. Pursuant to § 2254(e)(1), the state court findings of fact are presumed correct. Burgess must rebut those findings by clear and convincing evidence, but he has failed to sustain his burden of proof.

Burgess has not shown and cannot show that the state court's decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. Habeas relief is therefore foreclosed.

## CONCLUSION

The claims in Burgess's amended habeas petition are procedurally defaulted, insufficiently pleaded, or are without merit. This Court should therefore deny relief on Burgess's habeas petition.

Respectfully submitted,

Steve Marshall
*Attorney General*

***s/ Beth Jackson Hughes***
Beth Jackson Hughes
*Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Tel: (334) 242-7392
September 15, 2025                    Beth.Hughes@AlabamaAG.gov

95

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Ty Alper and Elisabeth Semel**.

*s/ Beth Jackson Hughes*
Beth Jackson Hughes
*Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Tel: (334) 242-7392
September 15, 2025            Beth.Hughes@AlabamaAG.gov

96