# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **WILLIE BURGESS, JR.,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**TERRY RAYBON, Warden of William** )<br>**C. Holman Correctional Facility,** )<br>)<br>**Respondent.** ) | Case No.: 5:24-cv-1751-LCB |

## ORDER

Willie Burgess, Jr., who was convicted of capital murder in Morgan County, Alabama, and sentenced to death on August 24, 1994, has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Representing Mr. Burgess on habeas review are two appointed attorneys with the University of California Berkeley School of Law's Death Penalty Clinic—Ty Alper and Elisabeth Semel. (Doc. 1 at 359; Docs. 4, 10–12). These same attorneys represented Mr. Burgess on state postconviction review. (Doc. 15 at 2). Because this overlap in collateral counsel creates a potential conflict under *Martinez v. Ryan*, 566 U.S. 1 (2012), the Court entered a show cause order. (Doc. 20; Doc. 13 at 5).

In responding, habeas counsel requested a status conference "to review options

for protecting Mr. Burgess's [*Martinez*] rights." (Doc. 22 at 5). Additionally, Mr. Burgess sought a stay of "the briefing schedule set by the Court on April 17, 2025." (Doc. 22 at 5; Doc. 13 at 8–9). The Court held an in-person conference on October 20, 2025. (Doc. 31). Mr. Alper appeared for Mr. Burgess; Beth Hughes appeared for Respondent Terry Raybon, Warden of William C. Holman Correctional Facility. (*See* CM/ECF minute entry dated Oct. 20, 2025).

After considering the approaches discussed at the conference, the Court will permit habeas counsel to engage the Capital Habeas Unit of the Federal Defenders for the Middle District of Alabama to provide an independent *Martinez* assessment of the state court record. This permission is contingent upon verification that the Capital Habeas Unit did not provide consulting services during Mr. Burgess's initial collateral proceedings under Alabama Criminal Procedure Rule 32.

If the Capital Habeas Unit can provide Mr. Burgess with conflict-free representation, then the Court will enter a *Martinez* scheduling order after a resolution of the government shutdown. If a conflict disqualifies the Capital Habeas Unit, then habeas counsel should identify in the report a suitably experienced replacement to conduct a *Martinez* assessment, like, as mentioned in the conference, an attorney with the Equal Justice Initiative. Consequently, the Court **ORDERS** habeas counsel to provide a status report within 30 days which clarifies that issue.

Further, the Court **DENIES** Mr. Burgess's request to stay the initial order's briefing schedule. (Doc. 22 at 5). After reviewing the independent *Martinez* findings, the Court will decide what additional development of the habeas record—such as supplemental briefing by consulting counsel and Warden Raybon—is appropriate. Because Mr. Burgess's 30-day deadline to reply to Warden Raybon's primary brief has passed, the Court **EXTENDS** that due date to November 24, 2025. (Doc. 13 at 9; Doc. 25).

**DONE** and **ORDERED** this October 27, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE