IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WILLIE BURGESS, JR., ) <br> ) <br> *Petitioner*, ) <br> ) <br> v. ) <br> ) <br> TERRY RAYBON, ) <br> Warden of William C. Holman ) <br> Correctional Facility, ) <br> ) <br> *Respondent*. ) <br> _____ ) | Case No.: 5:24-cv-01751-LCB <br><br> CAPITAL CASE |

**PETITIONER'S STATUS REPORT**

Comes now Petitioner, by and through undersigned counsel, and respectfully provides the status report the Court requested regarding the *Martinez* assessment in this case.

The Court has indicated that it is prepared to permit undersigned counsel to "engage the Capital Habeas Unit of the Federal Defenders for the Middle District of Alabama to provide an independent *Martinez* assessment of the state court record." (Doc. 32 at 2.) The Court asked counsel for Mr. Burgess to confirm that the Capital Habeas Unit (CHU) "did not provide consulting services during Mr. Burgess's initial collateral proceedings." *Id.* Counsel can confirm that this is

the case, and therefore there is no conflict that would disqualify counsel from engaging the CHU to perform this independent assessment.[1]

As undersigned counsel indicated at the October 20, 2025 status conference, the CHU is currently unable to take on additional assignments until the federal government shutdown is resolved. In light of current staffing issues at the CHU and the upcoming holidays, it is counsel's understanding that the CHU will be able to begin assessing what a *Martinez* review in this case would entail starting in early January 2026, assuming the shutdown is resolved by then.

Dated: November 10, 2025       Respectfully submitted,

s/ *Ty Alper*
Ty Alper, #ASB-3045-T68A
Elisabeth Semel (admitted *pro hac vice*)
U.C. Berkeley School of Law
346 North Addition
Berkeley, CA 94720-7200
Tel: (510) 643-7849
talper@law.berkeley.edu
esemel@law.berkeley.edu

*Counsel for Petitioner Willie Burgess, Jr.*

---

[1] Although the Court's Order also refers to the CHU providing Mr. Burgess with "conflict-free representation," Doc. 32 at 2, counsel understand that the CHU's role here would be to provide an independent *Martinez* assessment in order to assist the Court in determining whether the further step of providing supplemental counsel to Mr. Burgess is necessary. Counsel and Mr. Burgess have both urged the Court that appointment of supplemental counsel is unnecessary at this time, Doc. 22 at 3, which is why counsel have proposed "another suitable process" for protecting Mr. Burgess's rights, as this Court contemplated in its July 17, 2025 Order. (Doc. 20 at 7.)

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

                                               *s/ Ty Alper*
                                               Ty Alper